The opinion of the court was delivered by
Watkins, J.
The defendant is prosecuted and was convicted by a jury, of the crime of perjury, and sentenced to imprisonment at hard labor in the State penitentiary for two and one-half years, and from the sentence and judgment, he .prosecutes this appeal.
During the progress of the trial, several bills of exception were retained by the defendant, but, in this court, only two of them are relied upon by his counsel; (1) that relative to the refusal of the trial judge to grant him a new trial; (2) and the refusal of the trial judge to sustain his motion in arrest of judgment.
After the trial and verdict, defendant’s counsel filed a motion in arrest of judgment, wherein are set forth the following grounds, to-wit: „
“1st. That the bill of indictment on which the defendant was tried, does not charge any crime or offense, recognized or denounced by the laws of the State of Louisiana.
“2nd. Said indictment does not aver the administration of an oath, nor state by whom it was administered, nor that the evidence was competent and admissible.
*1462 “3rd. Said indictment does not charge that the oath alleged as the basis of perjury, was administered by any competent officer, or by any officer at all, or that said defendant was sworn by any officer, or by any one.
“4th. That said indictment dees not even state the substance of the offense of perjury as required under the common law precedent, with the modifications of the laws of Louisiana.
“5tih. The record in this ease does not disclose a legal charge of crime or offense and legal procedure and conviction; and. that, therefore, the judgment should be arrested and the defendant discharged.”
The charge in the indictment is as follows:
“That W. D. Eddens * * * did then and there wilfully, knowingly, feloniously, corruptly, unlawfully and maliciously commit perjury in a certain suit entitled W. D. Eddens vs. P. J. Key, No. 1,810, pending in the Second District Court of Louisiana, Parish of Bienville, a court of competent jurisdiction, having authority to try the cause, and administer oaths to the witnesses, by wilfully, knowingly, feloniously, corruptly, 'unlawfully, maliciously, 'and falsely swearing ‘that he (Eddens) was not present at the gin-house when P. J. Key brought the first load of cotton to his gin, in October, 1898, and that he did not tell Key to weigh his own cotton and unload the same,’ or words to that effect, when in fact, he was present when the cotton was hauled there, and did tell P. J. Key to weigh and unload the same, well knowing at the time that he was swearing falsely as to said facts, which were material to the issue then being tried, etc.”
The point relied upon by defendant’s counsel is, that the indictment entirely omits to charge that the defendant was sworn as a witness on the trial of the suit of Eddens vs. Key; and that the averment, that the court was one of competent jurisdiction, having authority to try the case and “to administer oaths to the witnesses,” was insufficient.
Reviewing the foregoing extract from the indictment, we find no such averment therein. The section of the Revised Statutes under which the bill is found declares, that, “whoever shall wilfully and corruptly commit perjury * * * on his oath or affirmation in any suit, controversy, matter or cause depending in any of the courts of this State, * * * shall be imprisoned,” etc.
Section 857.
*1463 The following' section provides that “in every presentment or indictment against any person for wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court, or before whom the oath or affirmation was taken (averring such court or person to have competent authority to .administer the same), together with a proper, averment to falsify the matter wherein the perjury is assigned,” etc.
Section 858.
The very gravaman of these provisions is, that the person charged with having committed perjury should be alleged to have» taken an oath, and that the oath taken was false; and that said oath was administered in some judicial proceeding in a court which hlad jurisdiction of the cause then pending.
The averment' that the cause was pending before the court which possessed jurisdiction and had “authority to try the case and administer oaths to the witnesses,” will not suffice, and does not respond to the requirements of the statute.
The essential requisite of the law has not been complied with. To have committed perjury, the defendant must have been sworn as a witness, and in swearing as a witness, have made a false statement on some matter material to the issue.
In State vs. Harlis, 33rd Ann., 1172, the same point was made and' sustained by the court. In that ease, the accused was prosecuted for perjury, tried and convicted. In a motion in arrest of judgment, the defendant complained that the information was fatally defective in not having set forth the requirements of Revised Statutes, 858. The opinion of the court cites a'nd reviews severkl pertinent decisions and says:
“In the case before the court, the requirements of the statute touching essential averments should have been, and were not observed. The information does not state before what court the crime charged was committed, or by whom the oath Was administered. Tt was necessary to have made these averments, and also that the officer who received the oath had competent authority to administer it.” (Our italics).
' The only case cited contra by the Attorney General, is State vs. Dreifus, 38th Ann., 877. But in that case, the indictment charged “that the perjury, for the subornation of which the defendant was ihdicted, was perjury alleged to have been committed by one Susan *1464 McMahon,.on the trial of the case of the State vs. Thos. J. Ford, et als., in Section “B” of the Criminal District Court for the Parish of Orleans, after she had been sworn as a witness by Richard D. Scriven, minute clerk,” etc.
The contention in that case was, that “the minute clerk had no authority whatever to administer the oath as a witness to the said Susan McMahon on said trial.”
The indictment sets out with precision and. accuracy, that the perjury was committed by Susan McMahon on the trial of said cause, and that the oath had been administered to her as a witness by the minute clerk of said court.
In disposing of that question, the court said:
“The oath lawfully taken is essential to the indictment and consequent conviction for perjury,” etc.
Referring to Sections 857 and 858 of the Revised Statutes, the court said, further:
“If in either case the oath taken is false, wilful and corrupt, the crime of perjury is committed.”
In support of that proposition, many authorities were cited, the purport of which is a clear demonstration that an averment to the effect that the defendant was sworn as a witness, is essential to its validity.
It is clear that in the absence of any averment in the indictment that the defendant was sworn as a witness on the trial of Eddens vs. Key, no proof was admissible of the false swearing, which is an essential ingredient of perjury.
•The trial judge having overruled defendant’s motion in arrest of judgment, his counsel reserved a bill of exceptions to his ruling, and thereto, the judge assigned as his reason for so ruling “that the bill of indictment contained all the averments required by law.”
In so ruling, we are of the opinion that the judge was in error. We are, therefore, of the opinion, that the defendant’s motion in arrest of judgment was well grounded, and should have been sustained. State vs. Theriot, 50 Ann., 1187.
Entertaining this view, it is unnecessary for us to pass upon any other bill of exception contained in the record.
It is, therefore, ordered and decreed, that the sentence and judgment of the court, and the verdict of the jury upon which same is based, be annulled and set aside; and it is ordered and decreed that the defendant be discharged.