*2050 The opinion of the court was delivered by
Breaux, J.
Defendant appeals from sentence and judgment of the District Court condemning him to pay a fine of two and 50-100 dollars, and the costs of prosecution, and in default of the payment of the fine and costs of the prosecution, condemning him to work on the public roads of the Parish of Bossier under the superintendent of the public roads of Bossier Parish, two days for each dollar of fine and costs.
The defendant was indicted for willfully refusing to pay his per capita road tax of one dollar on or before the first day of January, 1899.
On the seventh day of July, 1898, the Police Jury of the Parish adopted an ordinance setting out that if any person falling within the terms of the ordinance “shall fail or refuse to pay this tax on or before the first day of January of each year, the failure or refusal shall be declared a misdemeanor and he shall be subject to indictment by the grand jury, or to prosecution by bill of information, and shall be prosecuted before the District Court, and be fined in a sum of not' less than two 50-100 dollars, or more than five dollars, and all costs of the prosecution, and in default of payment, he shall be sentenced to work upon the public roads of the Parish under the superintendent of the public roads for the period of two days for every dollar of fine and costs.”
The ordinance was adopted under the article of the Constitution, No. 291; “To carry into effect the provisions of this article, the police jury may enact such ordinances of a civil nature as may be necessary to enforce the property and license tax and of a criminal nature to enforce the per capita tax.”
The defendant moved to quash the indictment on the ground that the parish “is without authority to prosecute in the name of the State, for the reason that the ordinance in question is a parochial regulation; that the bill of indictment does not aver that the defendant was notified that .his road tax was due prior to the filing of the bill of indictment, or that an assessment had been made, as required, and the ordinance imposing the tax had not been properly signed and promulgated; that the Police Jury did' not divide the parish into road districts as required subsequent to adoption of the Constitution of 1898, Article 291; that the Police Jury is without authority to create a misdemeanor to subject one1 for its violation to indictment by a Grand Jury, and that the punishment which is imposed for the violation of the ordinance is in violation of *2051 Article 12 of the Constitution of 1898 in that it imposes a fine for the non-payment of a tax, and illegal, in that it is in violation of a statute Abolishing imprisonment for debt”. The defendant filed a motion in arrest of judgment, setting forth the grounds already detailed, and adding others in support of the defense. The motion to quash, and the motion to arrest, were overruled. No bill of exceptions was reserved to the court’s order overruling these motions.
On Motion to Dismiss the Appeal.
The State moves to dismiss the appeal filed by defendant, on the ¡grounds, that no question of the constitutionality or legality of any tax has been raised, nor any question as to the right of a municipal corporation to impose any fine, forfeiture, or penalty, nor any law of this State, ■declared unconstitutional, nor fine exceeding three hundred dollars imposed, nor imprisonment exceeding six months.
In our view, the purpose of the proceeding is to collect a tax. The penalty is an incident arising from the failure or refusal to pay. It is inseparably connected with the tax. An appeal from a sentence based •on the refusal, or neglect to pay the per capita tax would bring up the penalty as a part of the issue. On the other hand, an appeal from the .sentence imposing a fine alone, brings up the question of the legality, fuel non, of the tax. The tax is merged into the fine. The defendant is no longer called upon to pay the tax, but to pay the fine which covers, or rather includes the tax. There could be no fine possible unless it included the tax. If the defendant were to appeal from the original claim for a per capita tax, be might be met with the plea that he has no basis .and is covered by the sentence and judgment imposing the penalty, upon which to rest his appeal, for the claim for a tax has passed into
On Motion to Quash and in Arrest of Judgment.
We have already noted that the motion to quash and the motion in Arrest were both overrruled, and that no bill of exceptions was reserved.
It is urged in behalf of the prosecution that, in consequence, there .are no legal propositions before the court as none are 'brought by bill of •exceptions. A motion in arrest of judgment can only be granted because of an error patent on the face of the record. A bill of exceptions is not indispensible in such a case. It, the bill of exceptions, is more particularly necessary when the question is one of law blended with one of fact, and it becomes important to present both in order that the court may determine the issue.
*2052 Here the question is one exclusively of law and none will be considered which is at all confounded with facts. The issues are completely before the court as set forth by these motions and they are presented by the court’s overruling them.