(36 South. 111.)

No. 15,127.

STATE v. WILLIAMS.

(Feb. 29, 1904.)

CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—PERJURY—INDICTMENT.

On Motion to Dismiss the Appeal.

1. Points raised on the motion in arrest of judgment (being of law) may be brought up on appeal, without the necessity of a formal bill of exception or an assignment of error.

On the Merits.

2. An information or indictment for perjury must contain an averment that the testimony was false to the knowledge of the accused charged with having perjured himself as a witness.

3. It is as in the case of subornation of perjury, in which the pleader is required to charge that the accused knew that the witness suborned would testify to a fact he (the witness) knew to be false. Commonwealth v. Douglass, 5 Metc. (Mass.) 241.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Thomas Lewis, Judge.

Jim Williams was found guilty of perjury. From an order sustaining a motion in arrest of judgment, the state appeals. Affirmed.

Walter Guion, Atty. Gen., and R. Lee Garland, Dist. Atty. (Lewis Guion, of counsel), for the State. Veazie & Pavey, for appellee.

On Motion to Dismiss the Appeal.

BREAUX, J. The ground of the motion to dismiss is that the record contains neither bill of exception nor assignment of error.

The state, in this case, complains of the order of the trial judge which sustained a motion made in arrest of judgment.

It is true, as alleged, that there was no bill of exception taken, and no assignment of error filed on the part of the state, but there was a motion in arrest of judgment filed and overruled.

The motion in arrest is confined, as to grounds, to defects of law apparent on the face of the record.

It follows that, without a bill of exception or formal assignment of error, the points of law on the motion in arrest are before us on appeal.

The motion to dismiss the appeal is overruled.

On the Merits.

The defendant was indicted for perjury.

He was tried and found guilty of perjury.

The district court sustained a motion in arrest of judgment, on the ground that the indictment was fatally defective because it charged no scienter, and did not charge that defendant testified well knowing, at the time he so testified, that his testimony was false.

The state prosecutes this appeal.

The motion in arrest in the case in hand, which the trial judge sustained, was grounded upon the decison in State v. Brown, 110 La. 591, 34 South. 698.

It may be stated at this time that in that case (State v. Brown), on the motion of the accused, no testimony at all was admitted. Afterward (as there was no averment to contradict the matter sworn to by defendant) the court refused to sustain the district attorney's application for a nolle prosequi. The case went to the jury on the indictment, which was annulled, and the accused was released. The court afterwards held that the original bill of indictment was absolutely null.

The district attorney presented another bill of indictment, in which he complied with the Revised Statutes (section 858), which reads, "that there must be proper averment to falsify the matter wherein the perjury is assigned."

That requirement had been overlooked in drafting the first information which was filed.

We copy from the brief in that case:

"The trial judge was correct in refusing to receive evidence as to the falsity of the testimony of the accused, as alleged, because there was no allegation in the indictment falsifying the allegation."

The falsity of the testimony not having been alleged, the court held the indictment defective.

We carried out the idea in the cited case, supra, that an indictment for perjury must set forth in some way the falsity of the statement.

That a general averment that the accused swore falsely will not suffice. In other words, that the omission of the charge of the falsity of the statement will not be supplied by the general averment directed against the false oath of the accused.

That there "should be particular averment to contradict that which is false, contradicting in express terms the matter alleged to have been sworn to." Enc. of Pl. & Practice, vol. 16, p. 338.

To return to the case in hand.

Whenever the scienter is wanting, we consider that, under the statute which declares that there should be proper averment "to falsify the matter sworn to," the indictment is bad.

The false matter must be contradicted. Bishop, New Cr. Prac. §§ 915, 918, 919; McClain, Cr. L. § 880; Archbold's Cr. Pl. & Pr. (Pomeroy's Notes, 8th Ed.) 1733.

The great weight of authority seems to sustain that view.

The indictment in the case before us was written before the text of our decision cited supra had become known. It is, complete enough, except that the falsity is not as fully charged as it was in the cited case.

The decisions of this court have gone far in holding that the guilty intent must appear.

Thus it was held:

"The averment in an indictment for perjury, that the defendant well knew that the said W. did not say, is a sufficient contradiction of the matter wherein the perjury is charged." State v. Wells, Man. Unrep. Cas. 242.

In State v. Gonsoulin, 42 La. Ann. 581, 7 South. 633, the indictment charged that the defendant did falsely, corruptly, knowingly, and willfully, etc., and this was held sufficient.

The indictment in State v. Spencer, 45 La. Ann. 1, 12 South. 135, is very similar; also in State v. Eddens, 52 La. Ann. 1462, 27 South. 742.

In the former the court said: "An indictment which uses the words 'feloniously, falsely, corruptly, knowingly, and maliciously,' is sufficient."

In Commonwealth v. Douglass, 5 Metc. (Mass.) 241, the court said:

"To constitute perjury the witness must willfully testify, knowing the testimony given to be false," citing a number of authorities, and adding: "A witness, by mistake or defect of memory, may testify untruly without being guilty of perjury or any other crime."

In an old case in the history of the jurisprudence of this country, the court said:

"There is no averment, in the declaration, of science in the party who testified, that his testimony was false, without which it could not be perjury." Page v. Camp, Kirby, 7, 8. See, also, State v. Ah Lee (Or.) 23 Pac. 429.

In the state of Texas, under a statute not more specific than ours upon the subject, the court decided that:

"An indictment for perjury must aver positively that the accused had knowledge of the falsity of the statement."

The court specifically states: "There is no positive averment that the defendant knew he had undervalued the property." State v. Powell, 28 Tex. 630.

Similar view is expressed in State v. Perry, 42 Tex. 238.

Most of the forms, if not all, in Archbold and Chitty, aver that defendant "well knew" the contrary of what he swore.

The proposition in hand may be illustrated by reference to the kindred crime of subornation of perjury, in which the pleader is required to charge not only that the party charged with this crime knew that the testimony of the witness he is charged with having suborned would be false, but that he also knew that the witness would willfully testify to a fact, knowing it to be false. Commonwealth v. Douglass, 5 Metc. (Mass.) 241.

We think it would be the better practice

to adhere to the views expressed in these decisions.

The law and the evidence being with defendant and appellee, the judgment appealed from is affirmed.