(46 South. 672.)

No. 17,051.

STATE v. PETERMAN et al. 

(May 25, 1908.)

STATUTES—TITLE OF ACT—SEVERAL OFFENSES.

Act No. 103, p. 157, of 1902, amending and re-enacting Act No. 137, p. 177, of 1890, making it a felony to trespass on the timber lands of another, is unconstitutional, null, and void, as denouncing several offenses not cognate, and therefore in contravention of article 31 of the

Constitution, declaring that every law shall embrace but one object.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 123, 158–160.]

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas Moore Burns, Judge.

William and Charles Peterman were charged with willfully cutting and carrying away timber. Charles Peterman was discharged, and from a judgment of conviction, William Peterman appeals. Reversed.

Robert Hardin Marr, for appellant. Walter Guion, Atty. Gen., and Joseph Bradford Lancaster, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. The defendants were charged on information, under section 1 of Act No. 103, p. 157, of 1902, with willfully and feloniously cutting and carrying away 80 trees on the land of the Poitevent & Favre Lumber Company without the consent of the owner.

Charles Peterman was discharged on a nol. pros. William Peterman was tried and found guilty as charged, and appeals from an alternative sentence of fine or imprisonment.

In this court, the appellant places his sole reliance on a motion in arrest on the ground that Act No. 103, p. 157, of 1902, is unconstitutional. The objection of the counsel for the state that no bill of exception was taken to the overruling of the motion in arrest is without merit. In State v. Williams, 111 La. 1033, 36 South. 111, we held that in such a case no bill of exception or assignment of error was necessary; the defect, if any, being patent on the face of the record.

The first contention of counsel for the defendant is that the act in question violates article 31 of the Constitution, which reads:

"Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

Act No. 103 of 1902 purports to amend and re-enact Act No. 137, p. 177, of 1890, which made it a crime to trespass on the lands of another by cutting, deadening, killing, destroying, or carrying away any tree, wood, or timber found thereon without the consent of the owner. Section 1 of Act No. 103, p. 157, of 1902, is a re-enactment of the provision of Act No. 137, p. 177, of 1890, with the proviso that ignorance of the true boundary lines shall not be a valid defense. The title of the act of 1902 recites that its object was also to make it a crime for any one willfully and knowingly to purchase timber in single sticks, cribs, blocks, or rafts, in any lake, bayou, stream, or river in this state or in the woods or delivered at any sawmill or other point in this state, unpaid for by the seller, without exacting from him a written affidavit that such timber has been paid for by the seller, or cut from the lands of the seller around which the boundary lines have been established as required by the act, and to make the failure to exact such affidavit evidence of willful and felonious intent, within the meaning of this act.

Section 2 of the act embodies this additional object, making it a felony for any one to purchase timber without exacting the affidavit mentioned in the title. Section 3 makes such failure prima facie evidence of fraudulent intent and guilty knowledge sufficient to warrant the conviction of the purchaser.

If the second section had been restricted to timber taken from the land of another and without his consent, it might be considered as in aid of the object set forth in the first section. But the second section goes further, and denounces as a felony the purchase of logs not paid for by the seller, or cut from the lands of the seller, the boundary lines of which have not been established as required by the act. Hence there can be no doubt that both in the title and body of the act separate and distinct crimes are denounced.

The act, thus having more than one object, is unconstitutional and void; and it is so decreed. State v. Ferguson, 104 La. 249, 28 South. 917, 81 Am. St. Rep. 123.

The sentence and verdict are therefore set aside, with direction to discharge the accused, without prejudice, however, to any right the state may have to prosecute under Act No. 137, p. 177, of 1890.