(50 South. 667.)

No. 17,829.

STATE v. BERLIN.

(Nov. 15, 1909.)

1. CRIMINAL LAW (§ 1144*)—RIGHT TO APPEAL—PRESUMPTION.

Where an information does not refer to the particular statute on which the prosecution is based, and that fact is in doubt, the Supreme Court will throw the benefit of the doubt in favor of the defendant's being prosecuted under a statute entitling him to an appeal to that court, rather than to his prosecution under a statute which does not do so.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1144.*]

2. BAIL (§ 79*)—FORFEITURE—SETTING ASIDE.

The continuance of a case on motion of the district attorney prior to the expiration of the five days allowed to defendant in a criminal case to make a voluntary appearance in court and have the forfeiture of his appearance bond set aside cannot be made to the prejudice of an accused, who voluntarily appears within the time allowed him and prays to have such a judgment set aside and have case tried.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. § 79.*]

(Syllabus by the Court.)

Appeal from Eighth Judicial District Court, Parish of Catahoula; David Newton Thompson, Judge.

Buster Berlin was indicted for willfully cutting down trees, and appeals. From an order forfeiting the bond, he appeals. Reversed.

M. C. Thompson, S. R. Holstein, and W. H. Thompson, for appellant. Walter Guion, Atty. Gen., and Riley J. Wilson, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

Statement of the Case.

NICHOLLS, J. On March 27, 1909, Buster Berlin was by information charged with having in the parish of Catahoula, on or about the 20th of March, 1909, willfully cut down and removed 400 cottonwood trees, of the value of $1,000, the said trees being and growing on the lands upon certain described lands in the parish of Catahoula, said lands being owned by and in the legal possession of the Tensas Land Company, Limited, and against the consent of said owner and possessor of said lands.

On March 30th the accused was arrested. On the same day he was released on a bond of $200. On April 15th the accused was arraigned and pleaded not guilty, and the case was fixed for April 27th. On that day defendant announced himself ready for trial, but the case was continued to June 7th.

On that day his case was called up for trial, and, the defendant failing to appear, the bond which he had given was declared forfeited.

On June 10th the defendant with his counsel appeared in open court and asked to try his case or have the same fixed for some future date at the same term of court. This request was repeated on July 11th; but the court declined it for reasons stated. On June 10th a motion to set aside the forfeiture of the bond was filed by defendant, which was answered by the state. An amended motion to set aside the forfeiture was filed by the defendant and answered by the state.

The motion to set aside the judgment of forfeiture was then tried and overruled, and judgment rendered in favor of the state. The defendant, Berlin, has appealed.

The state has moved to dismiss the appeal, on the grounds: That this court is without jurisdiction ratione materiæ. That under

article 85 of the Constitution of 1898 appellate jurisdiction of this court extends to two classes of criminal cases—the one where the punishment of death or imprisonment at hard labor may be inflicted; the other where a fine exceeding $300 or imprisonment exceeding six months is actually imposed.

That the case at bar belongs to the latter class, the charge being for willful trespass by cutting and removing timber from the lands of another, without the consent of the owner, under section 817 of the Revised Statutes, which fixes the penalty at not more than $500, and that no trial has been had and no penalty imposed, and hence, as held by the court in State v. Cox, 114 La. 568, 38 South. 456, this honorable court is without jurisdiction, and the appeal should be dismissed.

Defendant appeals from the judgment of the district court to set aside a judgment rendered against him and his surety on an appearance bond for $200 furnished by him.

The condition of the bond reads that:

"Whereas, Buster Berlin stands charged with trespass: Now, if the said Buster Berlin shall be and appear in the Eighth district court of said state at the next regular term for the parish of Catahoula, if said court shall then sit, if not then at the next regular sitting thereafter, to answer said charge, and shall not depart therefrom until discharged by said court, this obligation to be null and void; otherwise, to remain in full force and effect."

In defendant's first motion to set aside the judgment of forfeiture he averred that he was a resident of the parish of Avoyelles, living at quite a distance from the town of Harrisonburg (the parish seat of the parish of Catahoula); that it takes about a day and a half for a person to make the trip from the parish of Avoyelles to the town of Harrisonburg; that as soon as mover heard of his case having been called for trial, and which knowledge came to him through a telegram sent to him by his counsel, mover then being engaged in his usual occupation of floating and rafting timber, he immediately quit work and left for Harrisonburg; that mover was laboring under an erroneous impression as to the day on which his case would be called; that mover thought the case would be called some time in June, but did not know that the same would be called for trial on the first Monday thereof; that mover has pending in this court a civil case in which the Tensas Delta Land Company, Limited, is plaintiff, and mover one of the defendants, and that he was informed that this case would be called for trial during the June term of court, specific day to be made known to him later; and that this fact brought about confusion in his mind as to the dates of the trial of these cases, and which was responsible for his not being in court on the 7th of June, 1909.

Mover shows: That it was not his intention or desire to willfully and deliberately absent himself from this court, or to in any way defeat the ends of justice, or to disobey any mandate of this court, but that his failure to appear on June 7th can only be attributed to the confusion in his mind of the dates and to the fact that he thought he would be notified by the court to be on hand for trial.

That he has twice presented himself in open court for trial of his case, and that in both instances his case was continued upon motion of the state, and to his injury financially and physically. That he has always been ready for trial, and would have been ready on June 7th, had he known or been informed that he should have been present on the said date.

That he now voluntarily comes into open court and respectfully asks the court to set his case down for trial at once; that he is ready for same, and so announces. Mover asks that the former continuance granted by this court upon the motion of the state, and which was made in a very few minutes after the forfeiture of the bond, and which was

unauthorized, be set aside and recalled, and that his case be set down for trial.

That he appears within five days after the rendition of the judgment forfeiting the bond herein; that in fact he presents himself in three days; that he voluntarily comes into open court and asks for trial, and announces ready for trial; that his case can be tried; that it is within the power of the court to grant him a trial; that mover has not by his acts rendered it impossible for the court to grant him a trial; and that for these reasons mover asks that the former continuance be recalled, that his case be set down for trial, that he be granted a trial by this court, and that the alias warrant heretofore issued be recalled and ordered not executed; that the order requiring mover to give a new bond in the amount of $500 be recalled and set aside, and that the judgment forfeiting the bond for the nonappearance of mover on June 7, 1909, when his case was called for trial, be quashed and set aside, and be decreed to be of no force and effect.

Also prayed for all necessary and equitable orders and for general relief.

The state answered the motion of the defendant to set aside the judgment forfeiting the bond. It denied that defendant was entitled to the relief asked, for the reason that the bond was regularly forfeited, the judgment nisi rendered, proof adduced, and the judgment made final according to law, upon the day on which the said case was fixed for trial, and on account of the nonappearance of the said defendant, and on account of the failure of his surety to produce him as required by law, which was the condition of said bond; that the defendant and the surety upon his official appearance bond have failed to comply with the said bond and meet the conditions thereof; that at the last term of this honorable court this case was fixed for trial in open court in the presence of the defendant and his counsel for Monday, the 7th day of June, 1909, and upon that date the case was called for trial. The defendant having failed to appear, his bond was forfeited, and judgment rendered against him and his surety after due proof. An alias warrant was issued upon the order of court, and a new bond fixed at the sum of $500, whereupon in open court, in presence of the counsel for the accused, and without protest or reservation of rights, the case was reassigned and refixed for trial on October 11, 1909, and all witnesses discharged till that date; that the witnesses in this case live, some in Avoyelles parish and some in Catahoula parish, some 60 miles from the courthouse, and that making this court vacate its order fixing this cause for October and ordering a trial at present, to be completed within five days as required by law, is asking a vain and useless thing to be done by the court, to which neither the defendant nor his surety are entitled.

The state of Louisiana further averred that when this bond was forfeited the defendant and principal was out of the jurisdiction of the court, in violation of the terms of the bond, and that neither defendant nor his surety have complied with the terms and conditions of this bond, and that his motion to set aside this forfeiture cannot be considered until after the defendant and the sureties shall have complied with the conditions of the bond.

And the state respectfully asks that the consideration of this motion be deferred till the conditions of the bond have been met or the legal delays have expired for meeting such conditions; that, if said conditions are not met within the legal delays, the forfeiture and judgment become final, and the motion be overruled, and the order of the court in this case stand and be confirmed. The state further prayed that said forfeiture and said judgment be maintained, that said alias warrant be served in accordance with

the orders of the court, and prayed for necessary orders and general relief, etc.

On the next day, June 11th, the defendant moved to amend and supplement the motion made by him the day before, urging that the bond given by him on the 30th of March was an illegal and unauthorized one, and that the sheriff of the parish of Catahoula was without authority on the said 30th day of March, 1909, to take and approve the said bond and release said mover on bail in the amount named in the said bond; that the sheriff of the parish of Catahoula had no order of the court authorizing him to release your mover on a bond in the amount named; and that said act was and is illegal; and the said bond is not a legal one, and is of no force and effect.

Adopting all the allegations of his original motion, he prayed that the forfeiture be set aside, and that the said bond entered into given by your said mover on the said 30th day of March, 1909, be declared illegal, and to have been taken by the said sheriff of the parish of Catahoula without authority, for all necessary orders, general relief, etc.

On the same day he filed a second amended motion to set aside the forfeiture. In this second amended motion he averred that the information presented against him by the district attorney for the said Eighth judicial district charged or alleged no offense known to the law of the state of Louisiana, that the first statute describing and denouncing the offense of trespass was Act No. 120, p. 133, of 1855, which was subsequently repealed by Act No. 103, p. 156, of 1902, which was subsequently declared to be unconstitutional by the Supreme Court of this state. State v. Peterman, 121 La. 620, 46 South. 672. Now your mover averred and showed that, if the court holds that there is a law in force denouncing and defining the crime of trespass, it is the Act No. 137, p. 177, of 1890, which makes the offense of

trespass a felony, and the case is not triable before the judge, but must be tried before a jury of five; that the judge of this court has no jurisdiction to herein determine this cause and to pass on the guilt or innocence of your mover; and that the case cannot be tried during this term of court, it not being a jury term, and that the forfeiture of the bond on June 7th should be set aside.

He prayed that the court decree that there was no law in the state denouncing and defining the crime of trespass, and that he did not stand charged with any crime known to the laws of Louisiana, and that the bill of information of the state of Louisiana herein presented against him be declared defective and of no force and effect, that he be declared not to have entered into a legal bond for his appearance to answer a legal charge, and that the judgment of forfeiture of the bond heretofore rendered be set aside and declared void, and that he be released from custody; but if this court holds that there is a law denouncing and defining the crime of trespass, and that your mover stands charged with said crime, your mover in the alternative, and in that event only, prayed that this court hold that the only law in force is that of Act No. 137 of 1890, and which made the said offense of trespass a felony, and triable before a jury of five, and not a misdemeanor, triable before the judge of the court, for all necessary orders, general relief, etc.

On the same day defendant moved to quash and set aside the information which had been filed against him, on the ground that that information charged and alleged no offense or crime known to the laws of Louisiana to have been committed by him.

The District Court refused to set aside the judgment of forfeiture, and defendant appealed from that judgment.

It refused to quash the information. The

charge against defendant has not yet been acted on.

The court, in refusing to set aside the judgment of forfeiture, used the following language:

"At the April term of court the case of State v. Buster Berlin et al., charged with trespass, was fixed for trial for Monday, June 7, 1909; the accused, Buster Berlin, and his counsel being present in open court. On Monday, June 7, 1909, the accused failing to appear when his case was called. he and the surety on his official bond were legally called, and, failing to answer, his bond was declared forfeited. The case was continued, and the witnesses discharged until the October term of court.

"The accused reached Harrisonburg late Wednesday evening, after court had adjourned for the day, and on Thursday morning, June 10, 1909, in open court, the accused and his counsel appeared and asked the court to try his case, or to set it down for trial at some future date of the present term of court. This demand was repeated on Friday morning, June 11, 1909. The court declined to order the trial of the case or to fix the same for a particular day, for the reason that the case had been continued and the witnesses discharged, and owing to the great distance of the residence of the witnesses from the courthouse, some residing in Catahoula and some in Avoyelles parish, the court was of opinion that the case could not be tried and finally disposed of within the five days from the forfeiture of the bond, which in the opinion of the court was required under the law in order to relieve the defendant and his surety from such forfeiture."

The court declined to fix the case for trial at the present term or to force the state to a showing as to why the case should not be tried at this term, for the reason that the case had been continued till another term and all the witnesses discharged, after the forfeiture of the appearance bond on Monday, June 7th, the date for which the case was originally fixed for trial. The court was of the opinion that the reasons in asking for a trial of the case was to relieve the forfeiture of the appearance bond, and the court further considered it would be doing a vain and useless thing to attempt to get the witnesses to court within the five days from the date of the forfeiture of the appearance bond, in view of the great distance the witnesses resided from the court-

house, and in view of the fact that two days of the time had already elapsed. These reasons are intended to apply to all the bills of exception taken in relation to the denial of the motion for trial at this term of court, as well as the overruling of the motion to set aside the forfeiture as well as rendering final judgment thereon.

### On Motion to Dismiss.

The motion to dismiss is urged upon the theory that defendant is prosecuted under section 817 of the Revised Statutes. The information makes no reference to that section. We have reason to believe that the prosecution is based upon Act No. 137 of 1890.

The first statute making the cutting or carrying away of trees growing on the land of another without the consent of the owner of the same was Act No. 120 of 1855 which is embodied in section 817 of the Revised Statutes. The statute does not make use of the words "willfully and feloniously."

That act was followed by Act No. 137 of 1890, the title of which discloses it to be:

"An act making it a crime to willfully and feloniously cut, pull down, burn, destroy, kill or deaden, carry or float away any tree, wood or timber growing or lying on the land of another or lying on the water or the land of another or cause the same to be done without the consent of the owner and fixing the penalty therefor."

The information in this case charges defendant with having willfully cut down and removed 400 cottonwood trees growing on the land of another, against the consent of the owner. The penalty for a violation of this act is a fine not less than $50 nor more than $500, or imprisonment in the penitentiary or otherwise for not more than two years, at the discretion of the court. The liability of a party indicted for a violation of that statute, in case of conviction, to be imprisoned in the penitentiary, places that crime among those which are appealable to the

Supreme Court. It is claimed that this last statute has had the effect of repealing section 817 of the Revised Statutes. Be that as it may, and assuming that section 817 of the Revised Statutes is still in force, we would, in case of doubt as to which of the two statutes defendant is charged with having violated, throw the benefit of the doubt in favor of its having been the statute which gives to the accused the right of an appeal to the Supreme Court.

The motion to dismiss is therefore denied, and the appeal is maintained.

### On the Merits.

Act No. 17, p. 23, of 1900, declares:

"That it shall be the duty of the Attorney General and the several district attorneys in their respective districts (the parish of Orleans excepted) on the convening of district courts, leave of the court being first obtained, which leave shall always be presumed, to call any or all persons who may have entered into any bond, recognizance or obligation whatsoever in any criminal case, for their appearance at court, and also to call on the sureties on such bond, recognizance or obligation to produce instanter in open court such defendant or party accused, and upon failure to comply therewith, on motion of the attorney representing the state, the court shall forthwith enter up judgment against such principal and securities in solido for the full amount of such bond, recognizance or obligation.

"The judgment so rendered may at any time within five days thereof be set aside upon the appearance and trial and conviction or acquittal, or upon a continuance after such appearance granted upon motion of the attorney representing the state.

"Such judgment shall not be rendered in case it shall be made to appear to the satisfaction of the court that the defendant or party accused is prevented from attending by some physical disability."

The district attorney in this case followed the directions of the statute; but, on the failure of the defendant to appear on being called, the case was immediately continued on motion of the district attorney. Within five days of the judgment of the forfeiture of the bond, defendant made a voluntary appearance in court and prayed to have his

case tried and the judgment of forfeiture set aside.

The court declined to set aside the judgment of forfeiture. We are of opinion that, the case having been continued on motion of the district attorney before the five days had elapsed within which defendant had the legal right to appear and have the judgment of forfeiture set aside, the court erred in refusing to set the judgment of forfeiture aside. The continuance of the case by the district attorney prior to the expiration of the five days allowed to the accused to make a voluntary appearance in court cannot be made to prejudice the right of an accused, who voluntarily appears in court, within five days after the rendition of a judgment forfeiting an appearance bond, to have said judgment set aside and move to have his case tried.

For the reason herein assigned, it is hereby ordered, adjudged, and decreed that the action of the district court in refusing to set aside the judgment of forfeiture of plaintiff's bond be and the same is hereby annulled, avoided, and reversed, and it is ordered, adjudged, and decreed that said judgment of forfeiture be and the same is hereby set aside.