ROGERS, Justice.
 

 The defendant has appealed from his conviction and sentence for contributing to the delinquency of a minor.
 

 In the court below the defendant filed a motion to quash and a motion» to arrest, which motions were overruled by the trial judge. No bills of exception were reserved to the rulings; and hence the state, contending there is no error patent on the face of the record, suggests there is nothing for this court to review and that the conviction and sentence must be affirmed.
 

 The charge as set forth in the affidavit is that the defendant, Oliver Lewis, “being a person, not the parent or guardian, and over the age of seventeen years, did unlawfully, wilfully and knowingly encourage, aid, cause and connive at, and did produce, promote and contribute to conditions which caused a child under the age of seventeen years, to-wit: M- N-to do act or acts constituting delinquency and causing said child to be in need of the protection of the state by making indecent proposals to her and appearing before her partially nude in an obscene and suggestive manner, in violation of the law,” etc.
 

 Defendant moved to quash the affidavit on the ground that it fails to set forth any offense because the minor named in the affidavit has not been charged as a neglected or delinquent child. And defendant moved to arrest judgment on the same ground, and on the further ground that the acts complained of, as shown by the evidence adduced on the trial of the case, were insufficient to constitute a violation of law.
 

 Both motions were overruled by the trial judge, but no bills of exception were reserved to his rulings.
 

 In the absence of a bill, we cannot consider the ruling of the trial judge on the motion to quash. State v. Malazza,
 
 177
 
 La. 995,
 
 149
 
 So. 885.
 

 But his ruling on the motion to arrest is open to our consideration, without the necessity of a bill, so far as it is founded on an alleged error of law patent on the face of the record. State v. Anderson, 42 La.Ann. 590, 7 So. 687; State v. Cox, 52 La.Ann. 2049, 28 So. 356; State v. Williams, 111 La. 1033, 36 So. 111; State v. Peterman, 121 La. 620, 46 So. 672; State v. Anderson, 164 La. 696, 114 So. 598; State v. Louviere, 169 La. 109, 124 So. 188.
 

 And whether the facts set forth in an affidavit constitute a crime may be inquired into on a motion in arrest; the alleged defect being substantial. City of Shreveport v. Rambo, 169 La. 582, 125 So.
 
 *827
 
 625; State v. McDonald, 178 La. 612, 152 So. 308.
 

 Defendant contends that the young girl named in the affidavit was not and has not been charged as a neglected or delinquent child, and hence there is no warrant in law for his prosecution and conviction.
 

 Defendant bases his contention on section 6 of Act No. 30 of 1924, the act relating to the juvenile court of Caddo parish, which he argues shows that it was the intention of the Legislature to require as a prerequisite for the prosecution of a person for contributing to the neglect or delinquency of a juvenile that the juvenile shall have been first formally charged with being a neglected or delinquent child.
 

 Section 6 of Act No. 30 of 1924 vests the juvenile court of Caddo parish not only with jurisdiction in cases of persons contributing to the neglect or delinquency of children under the age of seventeen years, but also with jurisdiction in cases of persons violating any law now in existence or hereinafter enacted for the protection of the physical, moral, or mental well being of children.
 

 Act No. 169 of 1918 denounces the offense of contributing to the neglect or delinquency of a child. Section 1 of the statute provides, among other things, that any person “who knowingly or wilfully is responsible for, encourages, aids, causes, or connives at, or who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause any child under the age of seventeen years to be adjudged guilty of juvenile delinquency, or to be in need of the protection and care of the State of Louisiana as defined by statute or by Article 118 of the Constitution of Louisiana, or cause such child to do any of the acts constituting delinquency as defined by statute or the Constitution, shall be guilty of a misdemeanor.”
 

 And in State v. Ramey, 173 La. 478, 137 So. 859, it was held that the last clause of the quoted statutory provision makes it an offense for any person to cause a juvenile to do any of the acts constituting delinquency as defined by statute or the Constitution, without reference as to whether the child has been adjudged guilty of the delinquent act.
 

 According to the charge as set put in. the affidavit, the defendant by his acts not only brought the child to a state of delinquency, but also created a condition which required the child to need the protection and care of the state. Defendant’s complaint of the insufficiency of the charge is not well-founded.
 

 For the reasons assigned, the conviction and sentence herein appealed from are affirmed.