26 So.2d 693

## STATE v. GREEN.

No. 38144.

May 27, 1946.

Augustus G. Williams, of New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and James P. O'Connor, Jr., Dist. Atty., and Jos. F. Monie, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, Chief Justice.

The defendant was charged in a bill of information with the crime of theft of two cases of eggs of the value of $30.66. When the defendant was arraigned the bill of information was, on motion of an assistant district attorney, "amended to read $19". We take this to mean that the allegation that the value of the eggs was $30.66 was changed so as to allege that the value was $19. The effect of the amendment was to bring the prosecution within the jurisdiction of the district judge to try the case without a jury. According to section 41 of article VII of the Constitution a prosecution for theft of property of a value exceeding $20 but less than $100, being punishable by imprisonment with or without hard labor, is triable by a jury of 5 members, unless the defendant waives his right to the trial by jury; whereas a prosecution for theft of property of a value less than $20, being not punishable by imprisonment at hard labor but punishable only by fine or imprisonment in the parish prison, or by both fine and imprisonment in the parish prison, is triable by the judge without a jury. The defendant in this case therefore was tried by the judge without a jury. He was convicted and sentenced to imprisonment in the parish prison for three months, no fine being imposed. He is appealing from the conviction and sentence.

In article 67 of the Criminal Code, defining the crime of theft, the penalty prescribed if the misappropriation or taking amounts to less than $20 in value is a fine not exceeding $100 or imprisonment in the parish prison for a term not exceeding 6 months, or both the fine and impris-

onment within those limits. If the misappropriation or taking amounts to more than $20 but less than $100 in value the penalty prescribed by the statute is a fine not exceeding $300 or imprisonment with or without hard labor, in the discretion of the judge, for a term not exceeding two years, or both the fine and imprisonment within those limits. Therefore, where the prosecution is for theft of property of the value of $30.66 the penalty of imprisonment at hard labor may be imposed, in the discretion of the trial judge; but when the prosecution is for theft of property alleged to be worth only $19, the defendant, if convicted, is not subject to imprisonment at hard labor, but is subject only to the penalty of a fine or imprisonment in the parish prison, or both the fine and imprisonment in the parish prison. Const. art. 7, sec. 41.

According to the seventh paragraph of section 10 of article VII of the Constitution, the appellate jurisdiction of the Supreme Court does not extend to criminal cases unless the penalty of death or imprisonment at hard labor may be imposed for the crime charged, or a penalty of fine exceeding $300 or imprisonment for a term exceeding 6 months is actually imposed.

Inasmuch as the defendant in this case was prosecuted for a crime for which, according to the statute, he was not subject to the penalty of death or imprison-

ment at hard labor, and inasmuch as the penalty actually imposed upon him is only imprisonment for a term less than 6 months, this court has not appellate jurisdiction.

We are obliged to observe the want of jurisdiction and to dismiss the appeal even though there is no motion to dismiss it.

The appeal is dismissed.

HAWTHORNE, J., takes no part.