**84 So.2d 56**

**STATE of Louisiana**

**v.**

**Donnie WARE.**

No. 42428.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Watson & Williams, Natchitoches, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., Homer, for appellee.

SIMON, Justice.

The defendant, Donnie Ware, prosecutes this appeal from his conviction for selling intoxicating liquor for beverage purposes in the Parish of Claiborne in violation of a Local Option Ordinance of the Police Jury of said parish.

On March 31, 1955, the defendant was tried, adjudged guilty and sentenced to serve 30 days in the parish jail. Immediately following said sentence the defendant, through counsel, without having perfected the bills of exception reserved during the course of trial, orally and in open court, moved for a suspensive appeal, which was granted.

On May 17, 1955, the defendant submitted his bills of exception to the trial judge, who signed them and attached his per curiam.

 Under our Code of Criminal Procedure[1] an accused shall make in open court a verbal or written motion for an appeal within ten judicial days after the rendition of the judgment complained of; provided, however, that if the trial judge has not acted upon the bills of exception before the expiration of the last day of said ten-day period, a defendant shall be entitled to an additional delay prescribed therein. In applying this rule we have consistently held that after an appeal has been granted, the trial court is divested of jurisdiction, and bills of exception thereafter presented for the judge's signature and per curiam come too late. Such bills are considered invalid before this court and present nothing for review, unless there are errors patent on the face of the record. State v. Hauser, 112 La. 313, 36 So. 396; State v. Ruffin, 117 La. 357, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Barrett, 137 La. 535, 68 So. 945; State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505; State v. Allen, 167 La. 798, 120 So. 372; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Brown, 214 La. 18, 36 So.2d 624; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Dartez, 222 La. 9, 62 So.2d 83.

Counsel for the State make no objection to our exercising jurisdiction over this appeal, nor have they formally moved for its dismissal, notwithstanding the conclusive invalidity of the bills of exception. However, in written brief and in oral argument, the district attorney takes cognizance of the palpable invalidity of these bills, but urges no objection to our considering their respective merits should we desire to do so.

1. LSA-R.S. 15:542.

■ The Constitution [2] and amending statutes have expressly defined the jurisdiction of the Supreme Court. When it is manifest that this court has no jurisdiction of a cause, it will notice that fact ex proprio motu, whether or not the question has been raised by either side. Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653; Town of Springhill v. Murphy, 170 La. 1054, 129 So. 634; State v. Green, 210 La. 190, 26 So.2d 693. It necessarily follows that the jurisdiction of this court cannot be conferred or bestowed by the consent of the parties nor by the failure or waiver of any objection thereto.

Counsel for the defendant contend that irrespective of the jurisdictional question, to which they attach no import, there is properly before us for our determination the validity vel non of the bill of information and the legality and constitutionality of the ordinance under which this prosecution was conducted.

Paragraph 5, section 10 of Article 7 of the Constitution, LSA, provides that this court shall have appellate jurisdiction in cases "where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, and in all cases wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law

of this State has been declared unconstitutional." In connection with these provisions it is to be noted that the legality and constitutionality of the bill of information under which this prosecution was brought was raised by a motion in arrest of judgment filed below.

■ Although the bills of exception reserved by the defendant are invalid and present nothing before us to review, it does not follow that the invalidity of the bill reserved to the court's ruling on the motion in arrest of judgment deprives us of the right to inquire into the issues presented by said motion. We have consistently recognized the principle that a motion to arrest is open to our consideration without the necessity of a bill, so far as it is founded on an alleged error of law patent on the face of the record. State v. Anderson, 42 La.Ann. 590, 7 So. 687; State v. Cox, 52 La.Ann. 2049, 28 So. 356; State v. Williams, 111 La. 1033, 36 So. 111; State v. Peterman, 121 La. 620, 46 So. 672; State v. Anderson, 164 La. 696, 114 So. 598; State v. Louviere, 169 La. 109, 124 So. 188; State v. Lewis, 183 La. 824, 165 So. 1.

Our Louisiana Code of Criminal Procedure [3] defines an error patent on the record to be "An error * * * discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record."

2. Art. 7, § 10, Louisiana Constitution, LSA.

3. LSA–R.S. 15:503.

The bill of information states as follows: "* * * Wilfully and Unlawfully Did Sell, for Beverage Purposes, Intoxicating Liquor, to-wit: * * * One half pint of Early Times Whiskey In Violation of an ordinance of the Claiborne Parish Police Jury, * * *"

A motion in arrest of judgment applies itself solely to the sufficiency of the bill of indictment or information. As to the indictment or bill of information, it can be sustained when all that is alleged therein may be true and yet the person convicted may not have committed any public offense. Such a motion lies only when it appears on the face of the record that no judgment can be legally entered, as when the facts stated in the bill of information or indictment do not constitute a crime or as when the charge fails to state essential and necessary elements of the crime of which the defendant was found guilty.

The validity of a motion in arrest can be adjudged from the face of the bill of information alone—or in other words—within its four corners, without resorting to the record to establish its validity or invalidity. Alleged defects apparent on the face of the record do not include the evidence, documentary or oral, forming part of the record. Evidence admitted or excluded over objections cannot be reviewed in a motion to arrest; nor can the motion raise an objection to a variance between the charge and the proof. The absence of evidence or its insufficiency to support a conviction is not a ground for arresting the judgment.

In the instant case, the motion in arrest of judgment is founded upon two complaints, namely: (1) that the bill of information should have specifically stated the fact that Claiborne Parish is dry and that the sale of intoxicating liquors is prohibited in said parish; and (2) that the penalties provided for in said parish ordinance under which the prosecution is brought are greater than those authorized by the Local Option statute of the state.[4]

Upon examining the bill of information as quoted above, we must conclude that the contentions made in support of the motion to arrest are untenable. The bill of information affirmatively alleges that the defendant sold intoxicating liquor for beverage purposes, in violation of an ordinance of the Claiborne Parish Police Jury and contrary to the form thereof. Such a bill charging one with having committed an act in violation of a prohibitory law is equal to saying that the act committed is prohibited by a specific law as charged therein. The bill of information specifically states the essential and necessary elements of the offense of which the defendant was found guilty and was sufficient to sustain the judgment according to the verdict. Its face is devoid of any defects which would warrant the setting aside of

4. Act 17 of 1935, 1st Ex. Session, LSA–R.S. 26:581 et seq.

the judgment rendered and the sentence imposed.

There being no errors patent on the face of the record and no valid bills before us for review, the conviction and sentence are affirmed.