State vs. Meekins.

## No. 10,389.

### STATE OF LOUISIANA VS. THOMAS MEEKINS.

| 41 | 543 |
|---|---|
| 50 | 431 |
| 50 | 1314 |

| 41 | 543 |
|---|---|
| 110 | 595 |
| 41 | 543 |
| e113 | 653 |
| 113 | 722 |
| 114 | 415 |

| 41 | 543 |
|---|---|
| f122 | 214 |

1. The rule is that a defendant must be present at his arraignment and then plead personally and not by attorney; but when the record shows that the defendant was duly arraigned and did personally plead, the trial had thereon cannot be affected, because before arraignment and when not called on to plead, he had voluntarily, and through his attorney, filed a written plea in bar, which had been tried and overruled in his presence.

2. When a plea of autrefois acquit shows on the face of the record that the former trial was had on a fatally defective indictment, this rendered the plea demurrable, and authorized the court to overrule it on that ground without submission to jury.

3. It appearing that, on former trial, the judge had, on request of defendant, charged the jury that information was fatally defective and that they were bound to acquit, it does not lie in defendant's mouth, under plea of autrefois acquit, to assert that the former information was valid.

4. Confession made on the simple advice of officer to the prisoner that he " had better tell the truth," is not amenable to objection that it was not free and voluntary.

APPEAL from the Ninth District Court, Parish of Tensas.
*Young, J.*

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Snyder & Tullis* and *B. F. Young* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J.   An information for burglary having been filed against the defendant, and duly served upon him, he voluntarily appeared,

State vs. Meekins.

through his counsel and before arraignment, and filed a plea of autrefois acquit of which he prayed trial by jury. After answer by the State, the court refused the trial by jury, to which exception was taken. The plea was then taken up, tried on evidence offered, and overruled by the court, to which ruling another exception was reserved.

The defendant was then, for the first time, duly arraigned, pleaded not guilty, and was regularly tried and convicted.

On this branch of the case, defendant assigns several errors :

1. That the minutes do not show that the prisoner was present in court when the plea of autrefois acquit was filed.

The law undoubtedly requires that the defendant must be present at the arraignment, and that, as a general rule, he must plead personally, and not by attorney.

If this were a case where the defendant had not been present at the arraingment and had not pleaded personally to the information, but had pleaded only by attorney, his claim to relief might have merit. But, as we have shown, he was regularly arraigned and did personally plead.

If, before arraignment and before he was called upon to plead, he chose voluntarily to inject into the record a plea in bar by his attorneys, that is his own act, of which he cannot complain. He was not bound nor called on to plead. His pleading and the mode thereof were of his own choice. He cannot complain that the judge did not refuse to receive his plea thus tendered, which he made his own, because the minutes show he was personally present when the plea was tried and overruled.

2. That the minutes do not show the presence of the prisoner when the question of trial by jury was tried and overruled. The record does not show that there was any separate trial of this question. So far as appears, there was but one hearing and trial, at which the minutes do show that the prisoner was present.

3. That the court erred in overruling the prayer for trial by jury; and

4. That the court erred in overruling the plea of autrefois acquit.

These may be considered together.

The court overruled the plea on the ground that it appeared on the face of the record that the former information was fatally defective, because it charged no crime known to the laws of Louisiana; in addition to which it was shown that, on the trial, the judge had, at defendant's own request, so charged the jury, and instructed them they were, on that ground, bound to acquit.

This rendered the plea demurrable and authorized the judge to determine it without recourse to a jury. State vs. Shaw, 5 Ann. 342.

We think it does not lie in defendant's mouth, under such circumstances, to deny that the former information was fatally defective. The law is well settled that "when the indictment is in form so defective, that the defendant, if found guilty, will be entitled to have any judgment entered therein against him reversed for error, he is not in jeopardy.; and should he be acquitted, he will be liable to be tried on a new and valid indictment." 1 Bish. Cr. L., Sec. 1021.

Another exception is found in the record to the admission of a confession made by the prisoner objected to on the ground that it was not free and voluntary.

The bill discloses nothing impairing the free and voluntary quality of the confession. Neither threat nor promise was made, but it was given on the simple advice of the officer that "he had better tell the truth." .

Judgment affirmed.