BREAUX, J.
The state appeals from a judgment sustaining the plea of autrefois acquit interposed by the defendant.
Originally the defendant was indicted for perjury.
The indictment charged him with having feloniously, willfully, and corruptly committed perjury after having been duly sworn by F. L. Mayfield, deputy clerk of the district court of said parish and state, on trial of the case in the district court of said parish and state in No. 1,999, entitled “E. Brown v. D. E. Brown, Jr.,” by feloniously, willfully, falsely, and corruptly testifying and swearing, after having been sworn as aforesaid, in substance, “that he, the said E. Brown, did not, on the day D. E. Brown, Jr., defendant in said cause, struck him, to wit, in December, 1900, go into the house of Mrs. White or Mrs. Lizzie White.”
The gravamen of the indictment contains further and necessary allegation to complete the bill, except in one particular.
It does not contain the averment that he well knew that his testimony was untrue.
The ease in which the asserted false swearing was done was called and the trial proceeded with. A jury was impaneled, and evidence of the state begun, which evidence was met by an objection of counsel for defendant, based upon the deficiency of the indictment on the ground just stated; i. ■ e., that the indictment did not show scienter of accused, or falsify the testimony.
The trial judge sustained the objection, and refused to admit evidence of the state to show the falsity of the testimony of the ac *594 eused in the case before mentioned, in which it was charged he had perjured himself, on the ground, the trial judge held, that there was no particular averment to contradict the matter sworn to by defendant. After the judge had thus ruled, the plaintiff moved for a discontinuance of the case, which motion was overruled.
The case was submitted to the jury, and a verdict of not guilty was returned.
The district attorney shortly afterward presented a bill of information against the accused, charging him with the same crime. This information contained the words, which are not included in the indictment before mentioned, “And at the time well knowing same to be false,” nor their equivalent. In every other respect the crime was charged as it had been charged in the indictment before referred to. In due time after the bill of information had been filed, the accused pleaded autrefois acquit and former jeopardy, basing his plea on the verdict found by the jury on the indictment in question, the first referred to above.
The plea was sustained by the district court, holding, as stated, and as shown by the bill of exceptions before us, that the original bill of indictment was absolutely null; that it could have been amended; that the jury had been impaneled and sworn; and that the state commenced its evidence, and had proceeded some time, when the district attorney offered to discontinue the prosecution, which the court would not, at that stage of the trial, permit; and the jury found the verdict of not guilty before mentioned.
Whilst it is true that good pleading would require that an allegation in indictment, such as that which was not included in the indictment in the case in which the defendant was found not guilty, it is always absolutely necessary, as a general rule in every ease, to set forth that the defendant was well aware of the fact that his testimony was not true.
Proceedings in the cases of perjury have been simplified by statute. It still remains necessary to aver in the indictment the substance of the offense charged, or by what court or before whom the oath was taken, together with a proper averment to falsify the matter wherein the perjury is assigned. Rev. St. 858.
Here the indictment was defective in that it did not, as required, falsify the matter wherein the perjury was assigned. It did not allege that the defendant knew said statement to be false, or that he was ignorant whether or not said statement was true. This was a matter of substance, and in that respect the indictment was informal. Where knowledge is an ingredient of the offense, it must be alleged.
The position of defendant does not find unqualified support in McClain on Criminal Law, vol. 2, p. 882, to which he invites our attention. In one sentence the commentator says that the indictment must also show knowledge on the part of the accused of the falsity of the statement at the time it was made, and that it is not sufficient merely to negative the truth of the statement. In the sentence following it is laid down that “knowingly false” may be inferred from the fact that the court charges that it was willfully false.
In the note the commentator, in support of the first proposition, refers to State v. Morse, 1 G. Greene, 503, in which the court held: “The omission in the indictment to charge in the language of the statute that the defendant deposed, affirmed, or declared some matter to be a fact knowing the same to be false, is a substantial defect, and is not cured by any statute.”
From that point of view it follows that the word “falsely,” as pleaded, is not an equivalent to scienter on the part of the defendant. It does not show that the defendant swore to a fact knowing it to be false.
“Negation of false matter should be express.” Wharton, Crim. Ev. § 1300.
Without the expressed negation, there is no negation of false matter at all in the indictment. Not only must it be alleged that the defendant swore “falsely” or “corruptly,” but it must also be alleged that he knew that he swore falsely. A person may swear falsely or corruptly, although the fact to what he swears may, in its bearing, be the truth.
To sustain the second proposition, the commentator in his note cites one case in which the verdict was drawn under a special statute of the state of Minnesota, not requiring, as we take it, as in Louisiana, the negation of a false matter to be express.
Well-considered decisions hold that knowl *596 edge must be alleged in order that a valid indictment may be written when an indictment is found under a law which requires that a proper averment be made “to falsify the matter wherein the perjury is assigned,” to quote from the Louisiana statute.
Having arrived at the conclusion that “knowledge” must be alleged to the extent required by the statute, we are next led to inquire into the effect of the verdict rendered.
We think that the indictment was not only defective, but that it was fatally defective.
From that point of view it follows that the verdict could not form the basis of autrefois acquit. No decision can be found to the contrary, and no commentator has expressed himself to the contrary. The test is, was the indictment fatally defective? If it was, the verdict is equally as null. State v. Meekins, 41 La. Ann. 543, 6 South. 822.
The law and the evidence being in favor of the state, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and set aside; the bill of information is reinstated; also the case, in order that it may be proceeded with in manner and form required.
The case is therefore remanded to be tried.
PROVOSTY, J„ dissents.