BREAUX, J.
Perjury was the charge brought against the accused, for which he was indicted.
In January, 1902, the grand jury returned a true bill against the accused. He was tried, and upon his objection evidence was excluded for insufficient allegations in the bill. The jury returned a verdict of not guilty.
In October following the district attorney presented an information, which was filed. The plea of autre fois acquit was interposed. It was sustained by the district court. On appeal the. decree was reversed, and the case remanded for trial. State v. Brown, 110 La. 591, 34 South. 698.
, The case was tried by jury last September. He was convicted, and sentenced to two years and a half in the penitentiary. He prosecutes this appeal.
During his trial he reserved 10 bills of exceptions, including- exception taken to the order overruling the motion for new trial and motion in arrest of judgment.
1. The first bill of exception was taken to the admission of the petition and answer in the civil suit in which it was charged the accused had committed perjury.
The district attorney offered this testimony for the restricted purpose “of showing the jurisdiction of the court to try the case, and the materiality of the alleged perjured testimony of accused.” And states that it was stated by him and by the court to the jury that it was offered and read for this restricted purpose.
Counsel for defendant objected on the ground that this evidence contained hearsay and self-serving declarations, and was no proof; that the answer of the defendant, D. E. Brown, Jr., in the case in question, raised the issue of character and reputation of the defendant, although defendant had not placed them at issue; that the materiality of the testimony could be shown without introducing the answer, if it was material; that the answer, if read, would prejudice the jury against the defendant.
“The court held, in passing upon an issue clearly presented by the district attorney on the one hand and counsel for defendant on the other, that the evidence was only for the purpose of showing jurisdiction of the matters at issue in the suit in which the perjury is alleged to have been committed, and the materiality of the perjured testimony; and the jury was instructed not to consider it for any other purpose.” (Trial judge’s narrative in bill of exception.)
The rule is, generally, that the materiality of the testimony presents a question of law for the court, but where there are facts it may become a question of law and facts, which the court may, after proper instruction, submit to the jury.
Here the question is whether the record, such as the petition and answer (no objection was raised on the ground that the whole record was not offered), are admissible. Where the record and judgment in the proceedings containing- the evidence of alleged false swearing are offered to show that suit was brought and to prove the jurisdiction of the court, they are admissible.
Of course, it is not admissible where the purpose is to show the falsity of the testimony, or anything of that nature.
When admitted it is incumbent upon the court to instruct the jury regarding the purpose for which it is admitted.
These instructions, the court informs us, were given, and everything was done to restrict the testimony to the issues before mentioned.
Proceedings in civil suits are “admissible to prove relevant facts.” If material, “the record must be produced.”
“Statutes have been enacted in some jurisdictions by which the prior conviction is not to be submitted to the jury until they have found the defendant guilty of the charge primarily on trial. When such a statute is not in operation, however, it is necessary to lay the record of the prior conviction before the jury, though they should at the time be instructed not to permit the fact of such former conviction in any way to influence them in determining the question of the defendant’s guilt of the immediate charge.” Wharton, Criminal Evidence (9th Ed.) p. 602.
This was the instruction, in substance, of the court, as we infer, from the statement incorporated in the bill of exceptions, and *173 we, in consequence, cannot do less than sustain the ruling followed in admitting the record offered. We are not to assume that the jury were influenced in a matter directly different from the instructions carefully given. We must follow a principle clearly laid down.
2. Counsel for the state offered to prove by a witness that, after the defendant came into the house,, he got up from where he was sitting, and came to the door of the kitchen, and was asked by witness what he wanted, and that defendant said he did not want to talk to her, but to her “gal,” and said, “Come here, honey, I have got something to tell you.”
Counsel for defendant objected on the ground that the evidence was irrelevant, and offered for the purpose of prejudicing the case against the defendant, and that there was no allegation under which the evidence was admissible. The court’s ruling, if in accordance with the facts—and we have every reason to believe that it is—disposes of the question, for the court states that this evidence was in direct rebuttal of evidence brought out' by defendant that he had no recollection of having gone to the house of this witness.
The fact that he had gone to the house of the witness could not be more clearly shown than by proof offered of coniduct while he was in the house.
3. The prosecuting officer offered to prove by a •witness for the state that defendant rode up to the house of this witness, and said to her, “You do not know me,” but that she would soon know him.
The prosecuting officer says that something to that effect was stated by the witness, although the answer was not sought or expected; that his question was directed solely to accused entering the house, and as to what took place while he was in the house and when he was put out.
The objection by counsel for defendant was that it was not pertinent, and would prejudice the defense. The court sets forth in the bill that the witness, in relating the circumstance of accused’s entering the house, prefaced her statement by saying that defendant rode up to her house, and stated that she did not know him, but that she would know him; that it did not injure defendant in any way; and that it was not in answer to any question of the district attorney.
The record does not disclose that the testimony had the least bearing upon the issues, and that the defendant was thereby in the least prejudiced. The motive or intent of defendant might have been entirely good in thus addressing the witness. At any rate, it was not prejudicial. It was not a fatal error, and not the testimony relating to any fact, charge, or regarding any element entering into the crime alleged.
4. Counsel fo^ defendant offered to prove by defendant that his attorney, Mr. Wimberly, in the trial in the case in which it is charged he (defendant) committed perjury, told and advised defendant that he had best not swear that he did not go into the house of Mrs. White, for the reason that he might be indicted for perjury, and he (counsel) advised defendant that there wei^ parties present that would swear that he did go into the house. This was offered to prove defendant’s good faith.
The objection of the district attorney was that the evidence was hearsay, and a secret communication between attorney and client, which could not be inquired into, and was irrelevant. The court held that it was a hearsay, private communication, and self-serving, as it unquestionably was. An accused cannot, as a defense, state conversations held by him with third persons, or even with his attorney, which resulted in the advice from his attorney that he should not testify, as he stated, as he would expose himself to a prosecution for perjury. This is self-serving, inadmissible testimony; a conversation with a third person, which could not be heard on the trial.
5. Counsel for the state asked defendant as a witness, on cross-examination, regarding his utterances in the house in which he denied having gone, whereupon defendant objected to the question and answer as irrelevant, and prejudicial to defendant.
The trial judge informs us of the state of facts at this point, which were that the witness was asked in chief if he had gone into this house, and the question and answer were on cross-examination, and they went to the credibility of the witness.
We have previously decided this point. *175 In this bill of exception, nothing is suggested which would justify us in concluding that evidence relating to defendant’s going into the house, in face of his denial, was inadmissible.
6. Without detailing all the facts relating to the point now before us for decision, it suffices to state that the question propounded to test witness’ recollection on cross-examination as to whether or not he had gone into the house was admissible.
The question objected to was:
“Mr. Brown, while on trial before this court for disturbing the peace at Mrs. White’s house, did you swear that you went into the house by invitation?”
A question admissible on cross-examination, directed to test whether witness admitted that he had gone into the house.
7. The objection that the information did not contain averment sufficient to admit evidence that v defendant (on trial before the court for disturbing- the peace at Mrs. White’s house) testified that he went into the house of Mrs. White. Defendant urges that it should first have been shown that he had been sworn before testifying, as above suggested. We have no reason to infer that he had not been sworn.
Besides, on cross-examination, for the purpose of impeachment, the defendant was questioned as to how he had answered a question.
8. The next bill of exception before us shows that the court instructed the jury in its charge that drunkenness was a defense in case of perjury, but that the oath must have been taken while drunk; and when the court asked for special charges defendant’s counsel presented a written charge to this effect: “That intoxication often impairs the memory, and parties could not often remember all that occurred while drunk.”
This charge was refused by the court, and defendant excepted. The court added to this bill: “The charge given by the court covered substantially every point in this bill.”
The trial judge cannot be required to reiterate that which he has already said to the jury. It must be held to have been sufficient until something is shown proving the contrary. State v. Joseph, 45 La. Ann. 903, 12 South. 934; State v. Hamilton, 41 La. Ann. 317, 6 South. 540; State v. Canty, 41 La. Ann. 587, 6 South. 338.
Moreover, we think that the requested special charge was too broadly stated, for we take it that intoxication seldom impairs the memory to the extent that the requested instruction implies.
The court had the authority to modify the instruction to the extent necessary as a matter of discretion.
But the statement of the trial judge is that his charge covered every point in the bill.
This included the charge requested even as broad as it is.
9.This brings us to the motion for a new trial, which is properly before us. Defendant avers, in substance, that the prosecution was based upon proceedings in a civil case for damages for, injury inflicted upon him while intoxicated, and the charge of perjury is based upon the allegation and evidence that he swore that he did not, on the day he was struck, enter the house of Mrs. White, which house was more than one-half mile from point at which he was struck and injured by D. E. Brown, when, although he did enter the house, it gave this Brown no legal right to club him and do him great bodily harm, several hours after the said entering in the town of Arcadia at some distance; and that the court erred in charging the jury that drunkenness was a defense, when it was shown that the defendant was too drunk to be conscious of right and wrong, but the oath must be taken while the party was drunk.
That the court refused to give the special charge requested, to which we have before referred; that the court permitted the state to ask the defendant, w.hile on the stand, over his objection, what he swore to on the trial of some criminal case before the court, when defendant had not gone into that question in his examination in chief, and on that cross-examination questions were propounded to defendant on other subjects, which had not been inquired about in qhief; the question regarding the asserted failure of showing that defendant had been sworn in the -cause in which it was charged he had sworn falsely; and the question of insufficiency of allegation of the indictment to,admit proof offered on this point—is again raised.
Having stated all the grounds of defend *177 ant for new trial, we, in justice to the state, will have to set forth the grounds of the court’s ruling, in substance, although it brings up again the point of the case which we have already decided.
The court, in -considering the first ground of the motion, states: “That is a fact that the prosecution is for false testimony of defendant in civil suit for damages between defendant here, but plaintiff in civil suit of E. Brown vs. D. E. Brown, Jr.” And the court states “that the fact whether defendant here did or did not enter the house in question on the day he was struck by D. E. Brown, Jr., was a material and important fact in mitigation of damages in a civil action; that Mrs. White was a first cousin of D. E. Brown, Jr., and to him she looked in great measure for protection.”
With reference to the drunkenness the court states that the charge was: “Where a person swore falsely by inadvertence,through a misunderstanding, or from error, it was not perjury; that if a party, while drunk, swore falsely, not intending any wrong, it was not perjury; that drunkenness was a defense when it was shown that the party taking the false oath was too drunk to be conscious of right or wrong; but that if the party, while sober, did swear falsely knowing at the time it was false, his drunken condition at the time he went to Mrs. White’s house was not a defense.”
The court states that it charged the jury that the drunken condition of the accused at the time was a question of fact for them to consider as any other fact; and that, if his condition was such as to render him incompetent of remembering the fact, it was a defense; and the court refused to charge as requested, because it had, in substance, charged what defendant asked.
The court further states that defendant, while on the stand as a witness in his own behalf, is subject to all the rules of- ,/idence and examination as any other witness, and may be asked any question going to his credibility; that defendant was asked by his counsel if he had gone on the stand as a witness in the case of the State v. E. Brown for disturbing the peace, to which he (E. Brown) answered that he had no recollection of having gone on the stand as a witness; that the questions put to defendant were all touching his credibility; that the state, )Dy two competent witnesses, showed that the accused did go on the stand in his own behalf in the case charging him with disturbing the peace at Mrs. White’s house. He had no recollection of it.
The court states that the whole theory of the defense was that the accused did not commit perjury, because he was too drunk to remember anything; and the accused stated, while on the stand, in this case, that even now, if he went into Mrs. White’s house, he had no recollection of it. The district attorney combated him by showing that accused did remember going into the house of Mrs. White.
Going back to the first ground of the bill, the facts are that defendant, by denying as a witness that he had gone into the house as charged, placed his case in better light before the court in which he sued for damages, and had a tendency to sustain his claim for injuries inflicted by D. E. Brown, Jr.
It is true that there was not provocation justifying the latter’s act, as before stated. None the less plaintiff in the suit would have been entitled to larger amount in damages if he had not gone in the house at all.
If one commits an assault and battery without provocation, he is liable for larger damages than if he has been provoked, although not to an extent to justify his act
As to the second ground—that relating to the drunken condition—the court properly instructed the jury to consider whether the de fendant was drunk and irresponsible.
With reference to credibility, a witness may be questioned regarding issues not irrelevant. The trial judge is vested with large discretion in this respect. Law of Witnesses, Eapalje, p. 406, No. 3.
10. Arrest of judgment, and motion to that end, presents the next ground.
We have given this case painstaking attention. At this point, upon the theory which the facts 'justify, it is not possible to conclude that the indictment is fatally defective, and that it falls within the class of irregular indictments, which are subject to be annulled on motion in arrest of judgment.
It is well settled that the judgment is to be arrested only for defect apparent on the face of the record.
It is true that it must “appear on the face *179 •of the indictment that the matter sworn to was material, or there must he an averment charging that it was material.” Roseve (6th, Ed.) p. 757. “And an express averment of materiality lets in the evidence.” Id.
Every point has been scrutinized. We have not found it possible, to the extent that we have jurisdiction, to set aside the verdict and sentence.
The question of responsibility of the accused, his condition, and his guilt and innocence are not before us.
We have been left to the one alternative,' after having considered the points of law— that is, to affirm the verdict and sentence.
For reasons assigned, the verdict and judgment are affirmed.