Richards, J.
At the March term, 1916, J. D. Sigourney was indicted by the grand jury on the charge of forgery. To this indictment he filed a plea of former acquittal, which plea set forth, in substance, that he had been theretofore indicted and *157 tried on the same charge; that on such former trial the State of Ohio had offered evidence in support of the charge; and that at the conclusion of the evidence on behalf of the state he had filed a motion asking that the jury be directed to return a verdict in his favor for the following reasons, first, “that the indictment does not state facts constituting an offense punishable by the laws of the State óf Ohio; and, second, lack of sufficient evidence of the fact of the uttering and publishing of forged instruments for the payment of money.” The court, as appears by the record, overruled the motion as to the second ground, but granted the motion as to the first ground, to-wit, that the indictment failed to state facts constituting an offense.
. The State of Ohio filed a demurrer to this plea of former acquittal, and the trial court on consideration sustained the demurrer. Thereupon the defendant was placed on trial and convicted and sentenced.
No bill of exceptions was taken and the only question we have for consideration is, Did the trial court err in sustaining the demurrer to the plea of former acquittal? The plea of former acquittal sets forth the indictment in the first case, and it appears from an examination of that indictment that it was fatally defective in omitting a line or two which evidently contained the gravamen of the charge. The charge against the defendant in the original case being so fatally defective was in law no indictment, and in this respect the case is similar to a civil action where a demurrer is sustained to the petition on the ground that it does not state facts sufficient to constitute a cause of action. It has *158 been repeatedly held in civil actions of that character, that the sustaining of a demurrer to such a petition and the rendition of a judgment dismissing the case do not constitute res ad judie at a. Moore v. Dunn, 41 Ohio St., 62, and Rafferty v. The Toledo Traction Co., 1 C. C., N. S., 538.
Furthermore it is perfectly clear that the court in the first trial having directed a verdict at the instance of the defendant, and on the ground that the indictment was fatally defective, defendant is now estopped to urge that the judgment so procured by him is a bar to this action. (Stewart v. State of Ohio, 15 Ohio St., 155.) The direct question was so decided in State v. Meekins, 41 La. Ann., 543, 6 So. Rep., 822. The general principle is also stated in 12 Cyc., 266, and is forcefully announced in the following language in 8 R. C. L., 152:
“It may be stated as a general rule that where an indictment is quashed at the instance of the defendant, though after jeopardy has attached, he can not thereafter plead former jeopardy when placed on trial on another indictment for the same offense.”
We find no error of the trial court in sustaining the demurrer to the plea of former acquittal. The judgment will, therefore, be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.