## HALPER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10619. Decided April 14, 1930

Francis J. Horvath, Cleveland, for Halper.
Gilbert Bettman, Attorney General and Wm. R. Walsh, Cleveland, for State.

SULLIVAN, J.

Section 5536 GC. is as follows:
(Here follows quotation)

Thus it will be seen that the offense is the engaging in business as defined in the act, without having filed with the tax commission the certificate provided for in 5528 GC, together with a bond in form and amount prescribed by 5528-1 GC.

Now, when we recur to the affidavit we find the defendant charged with being a dealer doing business in the State of Ohio between September 6, 1929, and September 17, 1929, as defined in 5526 GC, and being engaged in the importation in the State of Ohio of certain motor fuel, to-wit, gasoline, for use or sale and delivery in Ohio. Up to this point we find that the language is merely descriptive; that the dates above mentioned do not have any application to anything excepting to a dealer under 5526 GC, and it in no way establishes the date of the commission of the offense which is attempted to be charged.

Now, when we follow the affidavit from this point, which relates to description only, we find the language,

"****did unlawfully fail to file with the Tax Commission of Ohio a certificate and bond, stating the name under which the aforesaid dealer was transacting business in the State of Ohio and the location of principal office within the State."

Thus it is obvious on the face of the affidavit as to the language concerning the commission of the crime that there is absolutely absent therefrom any date respecting the commission of the act as has been noted. The dates mentioned in the affidavit apply only to the time when the defendant was a dealer but there is no language which imports the commission of an offense committed with the dates inserted in the affidavit.

The language absent is vital and material because the charge of "unlawfully dealing"

must have a date and there is no connection between the dates applying to the dealer and the act which is charged to be unlawful. Therefore our conclusion is that upon this point under discussion there is an utter failure to charge the time of the commission of the offense charged against the plaintiff in error.

Again if we will examine the affidavit as to its sufficiency we find that notwithstanding the offense named in the statute applies to a dealer engaging in the business prohibited, yet the affidavit instead of charging the offense named in the statute, alleges an unlawful failure to file a certificate and bond with the Tax Commission of Ohio.

From a reading of the statute it is plain that the commission of the offense is not the failure to file the certificate. It is the engaging in the business denominated as unlawful by the statute. The only connection which the failure to file the tax has with the engaging in business is that the business shall not be engaged in by the dealer unless he has filed with the Tax Commission the certificate as provided by 5528 GC.

Thus, the charge in the affidavit does not apply to the offense as defined by the legislature but only to that qualifying clause or condition which relates to the filing of the certificate mentioned in the statute. Thus upon this point also we hold that the affidavit is insufficient in law, because the offense itself is not charged but merely that portion of the offense which is a qualifying clause or condition which determines whether the law has been complied with or violated.

Upon the question as to whether the court committed error by adding up the fines of each day and assessing the total, we are of the opinion that there is no warrant in law for the grouping of the offenses under one general sentence where the law, as in this case, distinctly and directly prescribes that each day shall constitute a separate offense. If the separate offenses had been charged separately under one affidavit there would not be so much ground for the assertion of error but inasmuch as each offense was added to the others and a sentence made upon the total, it is clear that there is no authority for such a procedure.

Different offenses of the same character may be charged under one indictment but they must be separately and distinctly numbered and stated and not appear in mass formation so to speak.

Holding these views it is our judgment that no offense has been charged in the affidavit under the section of the statute named and that therefore the conviction is unlawful and inasmuch as the cause of reversal is based upon this reason the plaintiff in error is not immune from answering to the law when proper charges are made under the provisions of the statute herein discussed.

The judgment of the lower court is therefore reversed and the plaintiff in error discharged.

Vickery, PJ, and Levine, J, concur.