THE STATE OF OHIO, APPELLEE, *v.* RADEBAUGH, APPELLANT.

(No. 295—Decided February 1, 1982.)

Mr. *Fred W. Crow, III,* prosecuting attorney, for appellee.

Mr. *Charles H. Knight,* for appellant.

STEPHENSON, J. This is an appeal from a judgment of conviction and sentence of Robert Radebaugh, appellant herein, entered by the Meigs County Court of Common Pleas upon a jury verdict finding appellant guilty of the offense of possession of marijuana in an amount equal to or exceeding three times the bulk amount in violation of R.C. 2925.03(A)(6). The following errors are assigned:

"I.  The jury verdict convicting the appellant is not sustained by the weight of the evidence in that no competent evidence of the weight of the controlled substance involved was presented.

"II.  The trial court's denial of appellant's motion for suppression of evidence relating to materials provided by the appellee to appellant immediately preceding trial denied appellant's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution to confront witnesses against him.

"III.  The trial court erred in denying appellant's motion for a mistrial due to the inflammatory and prejudicial misconduct of the state's witness, Steven Kane, and the Prosecuting Attorney for Meigs County, Ohio.

"IV.  The trial court erred in granting an amendment to the indictment

returned by the Meigs County Grand Jury by ordering interlineation of an essential element of the offense charged without further deliberation of the grand jury, in violation of the Ohio Constitution Article I, Section 10."

The following is a summary of the facts pertinent to this appeal. On September 16, 1978, officers of the Meigs County Sheriff's office, pursuant to a search warrant, seized four large marijuana plants that had been grown in appellant's garden. After their seizure, the whole of one of the plants was cut into sections and sent in two bags to the State Bureau of Criminal Identification for analysis. (State's Exhibit 2 at trial.) The leaves of the remaining three plants were then placed in a bag and likewise sent to the bureau for analysis. (State's Exhibit 3 at trial.) Also seized under the warrant were two small baggies, seven small jars, and one large jar, all containing marijuana. (State's Exhibit 1 at trial.)

Appellant was subsequently indicted upon averments that he "did possess a controlled substance, to-wit: marijuana, in an amount equal to or exceeding three times the bulk amount." On May 1, 1979, which was two days prior to trial, appellee filed a motion to amend the indictment by addition of the word "knowingly." The motion to amend was granted by the trial court on May 2, 1979.

On May 3, 1979, prior to trial, appellant filed a motion seeking, *inter alia,* to suppress and prohibit introduction of any seeds seized under the search warrant for the reason no timely discovery respecting the same had been made, and, further, to also suppress all "plants" or reference to "plants" seized by reason of denial of discovery and denial of an examination of the same except for one plant. The motion was overruled.

At trial the state presented as an expert witness Edward R. Hopkins, who testified, in substance, that State's Exhibit 2 was marijuana consisting of stems, stalks, leaves and seeds, and weighed 4,871.8 grams. He further testified he did not separate and weigh separately the stems, stalks, leaves or seeds.

The state further presented another expert witness employed by the State Bureau of Criminal Identification, Kathy Molnar, who testified the substance in State's Exhibit 1 was marijuana but she did not testify as to weight. With respect to State's Exhibit 3, she testified it contained green vegetation which she determined was marijuana and consisted of stems and leafy parts weighing 1,658.47 grams.

Appellant's evidence at trial tended to establish that while appellant admitted having possession of three marijuana plants, he was growing the same for personal use which is an affirmative defense under R.C. 2925.03(F).

The first assignment of error argues that, essentially, the state failed to present sufficient evidence that appellant possessed marijuana in an amount equal to or in excess of three times the bulk amount. Such arguments bring into focus an issue, not yet passed upon by the Ohio Supreme Court, as to the sufficiency of evidence in a marijuana prosecution to establish the bulk amount.

The issue arises by reason of the fact that R.C. 2925.01 provides that, as used in R.C. Chapter 2925, "marijuana" has "the same meaning as in section 3719.01 of the Revised Code." The latter section, with respect to marijuana, reads as follows:

"(Q) 'Marijuana' means all parts of any plant of the genus cannabis, whether growing or not, the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. *It does not include the mature stalks of the plant, fiber produced from the stalks,* oils or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted

therefrom, fiber, oil or cake, *or the sterilized seed of the plant which is incapable of germination."* (Emphasis added.)

Appellant essentially argues that because certain parts of the plant are excepted by definition, the burden is upon the state to present evidence in a manner that the jury may find that possession of the marijuana was in the bulk amount, which amount may not include any of the excepted substances. In short, it is contended the state's evidence of the weight of the marijuana must be separate from evidence of any weight of parts of the plant excluded in the definition.

Arguably, the General Assembly intended the bulk amount to be determined by the actual amount of marijuana, as statutorily defined, and not by the total weight of a compound or mixture in which it is contained. Support can be found for that conclusion in that R.C. 2925.01 defines "bulk amount" of a controlled substance, in Subsection (E)(1) as to opiate, opium, or cocaine, in Subsection (E)(2) as to raw or gum opium, and in Subsection (E)(4) as to Schedule I hallucinogens, subject to certain exceptions, in terms of "compound, mixture, preparation or substance." However, the definition of "bulk amount" as to marijuana reads in Subsection (E)(3) as follows:

"An amount equal to or exceeding two hundred grams of marihuana, or an amount equal to or exceeding ten grams of the resin contained in marihuana or of any extraction or preparation of such resin, or equal to or exceeding two grams of such resin in a liquid concentrate, liquid extract, or liquid distillate form;"

In *State* v. *Yanowitz* (1981), 67 Ohio App. 2d 141 [21 O.O.3d 445], the Court of Appeals for Cuyahoga County held that where marijuana seeds were relied upon in establishing the bulk amount, it was necessary that the prosecution prove the seeds were capable of germination by reason of the definition in R.C. 3719.01(Q). The Court of Appeals for

Franklin County in *State* v. *Tucker* (Nov. 29, 1977), No. 77AP-319, unreported, held, in substance, that possession of excepted portions of the plant are not contraband only when not mixed with the remainder of the plant. Accordingly, it was held gross weight of the mixture controlled. The Supreme court of Florida, in *Purifoy* v. *State* (1978), 359 So. 2d 446, rejected the reasoning adopted in *Tucker*. A further query is when, as here, the plant is seized while growing and the parts are capable of separation, whether the *Tucker* rationale, if correct, would apply.

In the posture of the evidence appearing in the record, we deem it unnecessary to resolve such issue. The testimony of the appellee was that State's Exhibit 3 consisted of only leaves without the stalk. The testimony of Ms. Molnar was that it contained green vegetation including stems, which stems she defined as "stick like parts that are rather woody, as opposed to leafy parts." There was no testimony that the exhibit contained mature stalks, seeds or other excepted parts. Given the fact that the weight of the exhibit was 1,658.47 grams, there was sufficient evidence for the jury to find possession of marijuana in excess of three times the bulk amount, irrespective of and disregarding the weight of State's Exhibit 2.

Accordingly, the first assignment of error is overruled.

Neither are we persuaded of any merit in appellant's second assignment of error. The record reflects that an inventory was attached to the search warrant which was returned to the county court on September 16, 1978, and filed in the court below in December 1978. The inventory includes all of the items of evidence of which appellant sought to suppress. Further, a motion to suppress filed on January 6, 1979, because the search warrant was invalid, specifically enumerates "marijuana, seeds and containers." Appellant was granted the right to view the evidence on February 21, 1979. Appellant

sought belatedly by letter to utilize the right of independent examination on May 1, 1979, which was two days before trial.

On the whole of the record we conclude no prejudicial error intervened in denying appellant's motion to suppress and, therefore, overrule the second assignment of error.

The third assignment of error asserts misconduct on behalf of a state's rebuttal witness and the prosecuting attorney in an attempt to elicit testimony as to street value of the marijuana in question to rebut appellant's defense of personal use.

In the context the questions were asked, the nature of the answers and the rulings of the court, including the specific instructions to the jury to disregard, we are not persuaded a mistrial was required or that its denial by the trial court constituted an abuse of discretion and was prejudicial error.

The third assignment of error is overruled.

The fourth assignment of error is directed to the allowance of the state's motion to amend the indictment. The indictment upon which appellant was tried charging a violation of R.C. 2925.03(A)(6), as returned by the grand jury, omitted the word "knowingly." Upon pretrial motion of the prosecution, the court allowed an amendment to include the averment of "knowingly." The allowance of such amendment constituted prejudicial error.

R.C. 2925.03 reads as follows:

"(A) No person shall *knowingly* do any of the following:

"* * *

"(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount." (Emphasis added.)

It is readily perceivable that an essential element of the offense is that it be committed "knowingly" and that such essential element was omitted from the averments in the indictment.

The issue devolves into the question whether the trial court possessed authority to amend the indictment which omitted an essential element.

Crim. R. 7(D) provides in part as follows:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information or complaint, or to cure a variance between the indictment, information or complaint and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * *"

The amendatory authority in Crim. R. 7(D) is essentially an incorporation of R.C. 2941.30 (formerly G.C. 13437-29). At first blush it would appear the broad grant of authority to amend would authorize the action of the trial court herein. However, the Ohio Supreme Court has held that the power to amend an indictment requires that there must be an initial indictment sufficient to charge an offense. The first four paragraphs of the syllabus in *State* v. *Cimpritz,* (1953), 158 Ohio St. 490 [49 O.O. 418], provide:

"1. In Ohio, all crimes are statutory.

"2. The elements necessary to constitute a crime must be gathered wholly from the statute.

"3. If any material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.

"4. Sections 13437-28 and 13437-29, General Code, authorizing correction in the form or substance of an indictment, apply to an indictment which as drawn is sufficient to charge an offense, but they do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437-28 and 13437-29, General Code, can operate to render them available."

The indictment in *Cimpritz* was drawn to charge an offense of attempted breaking and entering an uninhabited dwelling in the night season, but omitted the statutory wording of "maliciously and forcibly." In holding an amendment to the indictment prejudicial error, the court stated in the fifth paragraph of the syllabus:

"To constitute an offense under Section 12438, General Code, a breaking and entering or an attempt to break and enter in the night season an uninhabited dwelling or other described building must be 'maliciously and forcibly' done, and an indictment purportedly drawn under such section, which charges merely that the accused in the night season 'did unlawfully attempt to break and enter' a building containing a food store, states no offense, is fatally defective and cannot be remedied by the court."

In *State* v. *Wozniak* (1961), 172 Ohio St. 517 [18 O.O.2d 58], the indictment attempted to charge the offense of breaking and entering but omitted averments as to "intent to steal." Over objection, an amendment was allowed. The conviction was reversed. The fourth paragraph of the syllabus states, "Section 2941.30, Revised Code, authorizes amendment of an indictment which indictment charges every essential element of the crime." The reason given as to why R.C. 2945.83 (which provided, in substance, that a conviction should not be reversed for imperfections in the indictment if the charge fairly informed the accused of the offense charged or if it did not appear the accused

was prejudiced or prevented from having a fair trial) was inapplicable, was the following:

"These statutory provisions, standing alone, might have required affirmance of the judgment of conviction of defendants on the first count. However, to so hold in this case, where the indictment as drawn is not sufficient to charge an offense, would be to require defendants to 'answer for' an 'infamous crime' other than 'on presentment or indictment of a grand jury' contrary to the provisions of Section 10 of Article I of the Ohio Constitution. *Harris* v. *State, supra* (125 Ohio St., 257). Section 2945.83, Revised Code, must be read and construed in the light of that constitutional provision." *Id.* at 521.

Since the indictment charged no offense under R.C. 2925.03 by omission of the element of "knowingly," nor an offense under the lesser included offense of drug abuse under R.C. 2925.11(A) since "knowingly" is also an essential element thereunder, the judgment is reversed. Further, since jeopardy did not attach further proceedings may be a resubmission of the matter to the Meigs County Grand Jury. *State* v. *Cimpritz, supra;* 15A Ohio Jurisprudence 2d 155, Section 127; *Sigourney* v. *State* (1916), 6 Ohio App. 156; *Wilson* v. *Lasure* (1930), 36 Ohio App. 107.

The judgment of the trial court is reversed.

*Judgment reversed.*

GREY, P.J., concurs.

ABELE, J., dissents.

ABELE, J., dissenting. I must respectfully dissent.

In his fourth assignment of error, appellant contends the amendment violated the Ohio Constitution because the Ohio Constitution requires an effective grand jury indictment and the indictment as returned by the grand jury was ineffec-

tive because the word "knowingly" was omitted.

Crim. R. 7(B) requires that an indictment must "give the accused notice of all the elements of the offense with which he is charged." Rule 7(D) permits an amendment of the indictment by the court if "no change is made in the name or identity of the crime charged."

The indictment returned by the grand jury contained the Ohio Revised Code section number under which appellant was charged. Appellant could have easily referred to the section to find the "knowingly" intent requirement. I believe that the indictment, prior to amendment, gave appellant adequate notice of the elements of the crime. The amendment did not change the name or identity of the crime charged.

I would overrule appellant's fourth assignment of error and affirm the judgment below.