CITY OF OAKWOOD, APPELLEE, *v.* RAMNATH, APPELLANT.

(No. CA 10081—Decided May 13, 1987.)

*James R. Gould,* city prosecutor, for appellee.

*Rion, Rion & Rion Co., L.P.A.,* and *Matthew H. Wilson,* for appellant.

WOLFF, J. Section 529.02(i)(1) of the Codified Ordinances of the city of Oakwood ("Section 529.02[i][1]") provides:

"It shall be unlawful for any *owner*

*or occupant* of any premises located within the City

"(1) knowingly to permit any person under the age of twenty-one years to remain on such premises while that person is violating subsection (d) hereof which prohibits possession or consumption of intoxicating liquor by such under-age persons, or knowingly to permit any person under nineteen years to remain on such premises while that person is violating subsection (c) hereof which prohibits possession or consumption of beer or intoxicating liquor by such under-age persons." (Emphasis added.)

On January 31, 1986, defendant-appellant, Urmila Ramnath, received a citation which alleged she had violated Section 529.02(i)(1) but which did not contain either of the words "owner" or "occupant."

Trial commenced on March 6, 1986, in the Oakwood Municipal Court. After the city's first witness had been sworn and answered a few preliminary questions, Ramnath's counsel moved to dismiss pursuant to Crim. R. 12(B)(2) for the reason that the complaint was "*per se* defective" because of the omission of the words "owner" or "occupant" from the language of the complaint.

The trial court took the motion under advisement and, pending a merit ruling, dismissed the complaint at the city's request.

The city then filed a second complaint which contained the word "occupant." To this second complaint, Ramnath entered pleas of not guilty and once in jeopardy.

The trial court denied the plea of once in jeopardy, resulting in this appeal in which Ramnath advances two assignments of error.

Assignment of Error 1:

"The trial court committed prejudicial error in overruling appellant's motion of former jeopardy."

Unquestionably, jeopardy attached when the city's first witness was sworn and began to testify.

The question is whether jeopardy bars prosecution under the facts of this case.

Ramnath contends that R.C. 2943.09 is dispositive of the question and we are inclined to agree:

"When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information *for the offense charged in the former indictment or information,* or for an attempt to commit the same offense, *or for an offense necessarily included therein,* of which he might have been convicted under the former indictment or information." (Emphasis added.)

However, we do not reach the disposition she urges. Her counsel conceded during argument on the plea of once in jeopardy that he attacked the first complaint because it failed to state an offense. It would be indeed ironic if Ramnath were able to avail herself of the protection of R.C. 2943.09 after arguing successfully — and deservedly so — that the first complaint did not charge an offense.

There is a respectable body of Ohio appellate court authority, some of it vintage, which supports our conclusion that the constitutional prohibition of double jeopardy does not bar prosecution in this case.

In *Sigourney* v. *State* (1916), 6 Ohio App. 156, 158, 27 Ohio C.C. (N.S.) 511, 512, the Court of Appeals for Huron County stated:

" * * * [I]t is perfectly clear that the court in the first trial having directed a verdict at the instance of the defendant, and on the ground that the indictment was fatally defective, defendant is now estopped to urge that the judgment so procured by him is a

bar to this action. (*Stewart* v. *State of Ohio*, 15 Ohio St., 155.) The direct question was so decided in *State* v. *Meekins*, 41 La. Ann., 543, 6 So. Rep., 822. The general principle is also stated in 12 Cyc., 266, and is forcefully announced in the following language in 8 R.C.L., 152:

" 'It may be stated as a general rule that where an indictment is quashed at the instance of the defendant, though after jeopardy has attached, he can not thereafter plead former jeopardy when placed on trial on another indictment for the same offense.'

"We find no error of the trial court in sustaining the demurrer to the plea of former acquittal.* * * "

See, also, *Halper* v. *State* (1930), 36 Ohio App. 331, 336, 173 N.E. 253, 255; *State* v. *Radebaugh* (1982), 5 Ohio App. 3d 152, 156, 5 OBR 333, 338, 450 N.E. 2d 291, 296.

Furthermore, the Supreme Court of the United States recently stated in *Montana* v. *Hall* (1987), 95 L. Ed. 2d 354, 360: " * * * It is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument.* * * "

We naturally have no quarrel with *State* v. *Best* (1975), 42 Ohio St. 2d 530, 71 O.O. 2d 517, 330 N.E. 2d 421, cited by Ramnath, but note that *Best* did not concern the question raised by this assignment, which we overrule.

Assignment of Error 2:

"The trial court erred by overruling appellant's jeopardy motion because the first citation, while failing to state an offense under Oakwood Ordinance 529.02(i)(1), stated an offense under Oakwood Ordinance 529.02(a), of which appellant could have been convicted."

Ramnath argues that although the original complaint was insufficient to charge a violation of Section 529.02 (i)(1), it did charge a violation of Section 529.02(a):

"No person shall sell intoxicating liquor to a person under the age of twenty-one (21) years, shall sell beer to a person under the age of nineteen (19) years, shall buy intoxicating liquor for or *furnish* it to a person under the age of twenty-one (21) years, or shall buy beer for or *furnish* it to a person under the age of nineteen (19) years." (Emphasis added.)

Again reliance is placed on R.C. 2943.09. For the same reason that we conclude Ramnath cannot avail herself of R.C. 2943.09 in connection with her first assignment, she is foreclosed as to this assignment.

Furthermore, we conclude that a Section 529.02(a) violation is not an "offense necessarily included" (R.C. 2943.09) in the original complaint alleging a Section 529.02(i)(1) violation.

The interpretation of "offense necessarily included," as contained in Fed. R. Crim. P. 31(c), is the subject of Annotation (1972), 11 A.L.R. Fed. 173, which provides:

"The principles emerging from the cases demand that two requirements exist concurrently in order for an offense to constitute a necessarily included offense under Rule 31(c) of the Federal Rules of Criminal Procedure. If either of the two requirements is not present, the claimed included offense cannot constitute a necessarily included offense under Rule 31(c).

"Firstly, the offense which is claimed to be a lesser, necessarily included offense must indeed be lesser than the charged offense. This requirement can be met only where the included offense involves fewer of the same constituent elements as the charged greater offense, and where the claimed lesser offense has a lighter penalty attached to it than does the charged offense.

"And secondly, the two offenses must share common elements. Thus, the claimed included offense must have the same elements as, although fewer of those elements than, the charged greater offense." (Footnotes omitted.) *Id.* at 178.

"In order for a crime to be considered, under Rule 31(c), an offense included in another offense, it has generally been held that the two offenses must contain common elements, or, stated somewhat differently, that for an offense to be a necessarily included offense, the lesser-included offense must be such that the greater offense cannot be committed without also committing the lesser." *Id.* at 182.

Here, both violations are third degree misdemeanors. See Section 529. 02(j). Furthermore, proof that Ramnath "permitted" under-age persons to remain upon the premises while they violated the city's liquor ordinance (Section 529.02[i][1]) would not necessarily prove she "furnished" liquor or beer to those persons. (Section 529.02[a].) See, also, *State* v. *Best,* *supra,* at paragraph three of the syllabus:

"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (*Blockburger* v. *United States,* 284 U.S. 299, and *Duvall* v. *State,* 111 Ohio St. 657, followed.)"

We overrule the second assignment.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.