212 So.2d 145 (1968)
John A. PATRICK, Plaintiff-Appellee,
v.
Mrs. Elsie Moore PATRICK, Defendant-Appellant.
No. 11043.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
Writ Refused June 4, 1968.
Rehearing Denied July 1, 1968.
Writ Refused October 11, 1968.
*146 John S. Stephens, Coushatta, George T. Anderson, Shreveport, for appellee.
Bethard & Bethard, Coushatta, for appellant.
Before AYRES, BOLIN and PRICE, JJ.
BOLIN, Judge.
On January 12, 1967, John A. Patrick was granted a judgment of separation from his wife, Elsie Moore Patrick, but Mrs. Patrick was awarded custody of the two minor children, issue of the marriage. The present suit was instituted by Mr. Patrick on February 25, 1967, for a final divorce on the ground of adultery and asking for custody of the two children. For written reasons the lower court granted plaintiff judgment as prayed for and defendant appeals.
The issues are:
(1) Has the husband proved his wife committed adultery?
(2) If the first question be answered in the affirmative, should the father be awarded custody of the children?
We shall give consideration to the issues in the order noted. Plaintiff alleged defendant committed five acts of adultery at specified times and places. The evidence to substantiate these adulterous acts was wholly circumstantial and consisted primarily of the testimony of numerous professional investigators hired by plaintiff. We deem it unnecessary to set forth any narrative of the minute details to which these witnesses testified. We conclude plaintiff has shown defendant committed one act of adultery with a named corespondent at the Bentley Hotel in Alexandria, Louisiana, on January 5, 1967. The witnesses testified as to every essential act of adultery on the specified occasion except the very act itself.
Appellant contends testimony of private detectives employed by one of the litigants should be carefully considered and accepted with extreme caution and, in order for such evidence to be controlling, it *147 should be substantially corroborated by other evidence. We are in full accord with this contention and think it is a fair statement of our law. However, such testimony should not be rejected except in those instances where it is lacking in actual probative value. McCartan v. Filkins, 134 La. 795, 64 So. 717 (1914); Poole v. Poole, 189 So.2d 75, La.App. 1 Cir. (1966).
In connection with the rule recited in the preceding paragraph it should be pointed out the necessary corroboration can be established by other evidence relevant to all the facts and circumstances surrounding the case. In the present case defendant and her co-respondent lend some corroboration to the testimony of the investigators by admitting being at the specified hotel on the date alleged though they deny having committed any unlawful act. Other surrounding facts also corroborate the commission of the adultery.
Adultery can seldom be established by direct evidence since such acts are not customarily performed in the presence of witnesses. Because of the practical considerations involved a prima facie case of adultery is made upon the showing of facts or circumstances which lead fairly and necessarily to the conclusion adultery has been committed and which exclude any other reasonable hypothesis but that of guilt.
Giving consideration to the second issue we note the provisions of Louisiana Civil Code Article 157:
"In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. * * *"
In interpreting this article our courts have uniformly held the primary concern in custody cases is the welfare and best interests of the children. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960).
In the instant case the children, with whose custody we are concerned, are John A. Patrick, Jr., born August 25, 1949, and Katherine Anne Patrick, born September 26, 1950, and thus, on the day of the trial, were 18 and 17 years of age, respectively. They both appeared as witnesses, out of the presence of their parents, and expressed the desire to remain with their mother. Neither had resided with their father since the separation. In Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953) the court held the evidence of a single act of adultery committed by the mother did not render her morally unfit to have custody of her children.
From our study of this record we are convinced the trial judge erred in failing to conclude it would be in the best interests and for the welfare of these children to remain in custody of their mother. The evidence is not convincing the father could offer them a better home than their present one. From a practical viewpoint we think it would be a rather vain and useless act to order children who are approaching the age of majority to change their environment and live with one of their parents with whom they have testified under oath they do not wish to live. This is especially true where the evidence does not convince us their mother has been proved morally unfit to continue to have their custody.
The judgment appealed from is, therefore, reversed insofar as it awarded the custody of the children to their father and it is now ordered the legal care, custody and control of the minors John A. Patrick, Jr. and Katherine Anne Patrick be awarded to defendant, Elsie Moore Patrick, subject to the right of plaintiff, John A. Patrick, to visit either of the children at reasonable times and under reasonable conditions. Otherwise the judgment appealed from is affirmed and appellee is assessed with the cost of this appeal.

*148 On Rehearing
PER CURIAM.
In the application for rehearing defendant Mrs. Patrick claims this court erred in stating that she admitted being at the specified hotel on the date alleged, whereas the record shows that both she and her corespondent denied being together on January 5, 1967.
It was not our intention to state they admitted being in the hotel on the alleged date. Rather, it was our intention to hold they admitted being there on subsequent occasions and that this admission, together with the surrounding facts and circumstances, corroborated the testimony of the investigators.
The application for rehearing is denied.