331 So.2d 425 (1976)
STATE of Louisiana
v.
Wanda BUTLER.
No. 56978.
Supreme Court of Louisiana.
March 29, 1976.
Dissenting Opinion May 17, 1976.
*427 C. Alvin Tyler, C. Alvin Tyler & Associates, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
Defendant Wanda Butler was charged by bill of information with having committed prostitution in violation of La.R.S. 14:82. On September 10, 1975, the matter was tried without a jury and defendant was found guilty. Prior to sentencing, defense counsel filed a motion in arrest of judgment and an amended motion in arrest of judgment asserting that in the instant case La.R.S. 14:82 was applied to make unlawful the "offering" of sexual intercourse with no requirement and no proof that an act did take place; that since the statute did not put defendant on notice that a mere "offering" of sexual intercourse was criminally proscribed, to convict defendant of prostitution for "offering" was an unconstitutional application of La.R.S. 14:82; and, finally, that La.R.S. 14:82 unconstitutionally discriminates against women. After a contradictory hearing the motion in arrest of judgment and the amended motion in arrest of judgment were denied. From this denial, defendant applied to this Court for writs, which were granted.
The only issue before this Court is whether the trial court erred in refusing to sustain the motions in arrest of judgment. Article 859 of the Louisiana Code of Criminal Procedure specifies only eight grounds that will serve to arrest judgment: (1) the indictment is substantially defective; (2) the offense is not punishable under a valid statute; (3) the court lacked jurisdiction; (4) the right to jury trial and correct number of jurors were not complied with; (5) the verdict was not responsive to the indictment or was otherwise so defective that it would not form the basis for a valid judgment; (6) double jeopardy; (7) the prosecution was not timely instituted; and (8) the prosecution was for a capital case or for an offense punishable by life imprisonment but was not instituted by grand jury indictment.
Earlier criminal procedure articles providing for arrest of judgment contained the general statements that "[a] motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record," and that "[n]o defect that is merely formal, or cured by verdict, or that can not be ascertained without an examination of the evidence is good ground for arresting judgment." La.Code of Criminal Procedure, arts. 517, 518 (1928). Interpreting these articles, this Court in State v. Eubanks, 179 La. 92, 153 So. 31 (1934) stated as follows:
"The `record' in a criminal case includes a statement of the time and place of holding court, the indictment and indorsement thereon, the arraignment and plea of accused, the impaneling of the jury, and the judgment; and a motion in arrest will be sustained only when it is patent on the face of the record that there has been some irregularity in relation to one of the above-enumerated steps of the proceeding. State v. McCrocklin, 130 La. 106, 57 So. 645."
Because of uncertainty as to the proper use of motions in arrest of judgment, the article was rewritten to clearly specify the grounds which will serve to arrest judgment. La.C.Cr.P. art. 859, official revision comment (a). It was still intended, however, that the grounds for arrest of judgment be restricted to those errors patent on the face of the record and discoverable without examining the evidence. As noted in the official revision comments to article 859, "[t]he controlling *428 consideration, in determining which defense may be asserted by a motion in arrest, has been whether the defect is so basic that it should not be cured by verdict."
Therefore, Article 859 does not authorize this Court, when reviewing the denial of a motion in arrest of judgment, to determine whether the verdict is supported by the law and the evidence. See State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961); State v. Ware, 228 La. 713, 84 So.2d 56 (1955). That question is properly raised by a motion for directed verdict (now a motion for acquittal) as provided in La.C.Cr.P. art. 778, or by a motion for a new trial as provided in La.C.Cr.P. art. 851. See State v. Eubanks, supra. Thus, under present law, when defendant is tried without a jury, defense counsel may move for a judgment of acquittal after close of the state's evidence or of all the evidence and the judge shall grant the motion if the evidence is insufficient to sustain a conviction. La.Code of Criminal Procedure art. 778.[1] When the defendant is tried with or without jury, he may before sentencing move for a new trial on the grounds that the verdict is contrary to the law and the evidence. La.Code of Criminal Procedure art. 851(1). Review by this Court of the denial of a motion of acquittal or a motion for a new trial is restricted to whether there was no evidence of guilt or of an essential element of the crime. See State v. Hamilton, 312 So.2d 656 (La.1975); State v. Williams, 310 So.2d 513 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973).
The essence of defendant's argument in assignments of error numbers one and two is that she was convicted of a violation of La.R.S. 14:82 without proof by the state that she committed an act of indiscriminate sexual intercourse and that since by its terms that statute did not put her on notice that the mere offering to engage in indiscriminate sexual intercourse for compensation is proscribed, La.R.S. 14:82 as applied to her in this case is unconstitutional. Although not clearly stated, defense counsel was apparently raising two basic issues: (1) that the verdict was contrary to the law and the evidence, since, under what defendant argues is a proper interpretation of La.R.S. 14:82, proof of the act of sexual intercourse is required, and from the testimony of the state's only witness it was clear that no act of sexual intercourse was performed by defendant; and (2) that as applied in the instant case, La.R.S. 14:82 is void for vagueness since it did not put defendant on notice that the "offer" as well as the act of sexual intercourse is prohibited.
The first issue, that the state failed to prove an essential element of the crime by failing to show that defendant performed an act of sexual intercourse, is not properly before this Court. As previously noted, the correct procedure for raising such an issue in a bench trial is by motion for acquittal or by a motion for a new trial. La.Code of Criminal Procedure arts. 778, 851.
The question of the "vagueness" of the prostitution statute as applied to defendant in this case, however, is more difficult. Of the grounds specified in article 859 of the Code of Criminal Procedure only subsections two and five are possibly applicable to the instant case. Article 859(5) provides that if "the verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment," the trial court shall arrest the judgment. Although the second part of this subsection has previously been interpreted to allow this Court to consider whether the verdict is supported by the law and the evidence, City of Monroe v. High, 254 La. 362, 223 So.2d *429 834 (1969), as previously indicated that issue is properly raised by motions for acquittal or for a new trial. Properly viewed, Article 859(5) is authority for inquiry into the legality of the verdict only, not its correctness. City of Monroe v. High, supra (dissenting opinion by Barham, J.). See State v. Glover, 304 So.2d 348 (La.1974).
Article 859(2) provides that if "the offense charged is not punishable under a valid statute," the trial court shall arrest the judgment. This subsection permits the unconstitutionality of the statute under which the prosecution was instituted to be raised by a motion in arrest of judgment. See La.Code of Criminal Procedure art. 859, official revision comment (b); State v. Peterman, 121 La. 620, 46 So. 672 (1908). However, while article 859(2) authorizes this Court to consider the "validity" of the statute under which defendant was charged in determining whether the trial court erred in denying the motion in arrest of judgment, it does not authorize this Court to examine the testimony and proof adduced at trial to determine the correctness of the statute's application in a particular case. Therefore, in the instant case, we must limit our inquiry to (1) what was the offense charged and (2) whether that offense is punishable under a valid statute.
In this case, the offense charged was that defendant "practiced indiscriminate sexual intercourse with males for compensation" in violation of La.R.S. 14:82. This conduct is clearly proscribed and is made punishable under a criminal statute of this state. La.R.S. 14:82 provides as follows:
"Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation.
"Whoever commits the crime of prostitution shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both."
We now turn to the question of whether this statute, under attack as void for vagueness, is valid. Certainly the state, under its general police powers, has the authority to ban or proscribe "the practice by a female of indiscriminate sexual intercourse with males for compensation." Furthermore, when interpreting articles of the Louisiana Criminal Code, the courts of this state are governed by La.R.S. 14:3, which provides as follows:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
Considering the language of La.R.S. 14:82 in light of this mandate, it is clear that the statute is not void for vagueness. The noun "practice" when used in its common and usual sense means actual performance, execution, or repeated or customary action.[2] Thus the words "practice by a female of indiscriminate sexual intercourse with males for compensation" clearly puts persons on notice that indiscriminate acts of sexual intercourse when performed in return for compensation are prohibited by the laws of this state.
We, therefore, conclude that La.R.S. 14:82 by the clear and unmistakable import of its terms, requires proof of a specific act of sexual intercourse,[3] notwithstanding *430 some language in State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966), which seemed to state otherwise. Although the decision in Bourg contained language indicating that proof of an offer to engage in sexual intercourse was sufficient to convict an accused of prostitution, that case involved a charge of pandering under La.R.S. 14:84 and not prostitution under La.R.S. 14:82. Other cases frequently cited to support an argument that no proof of a specific act of sexual intercourse is required for proof of prostitution actually involved the crime of "abduction," State v. Davis, 158 La. 21, 103 So. 391 (1925), and the crime of "transporting," State v. Thibodeaux, 136 La. 935, 67 So. 973 (1915) which were complete upon the taking or transporting of women for the purpose of prostitution. Therefore, these cases are not controlling in prostitution prosecutions.
In light of the language in the jurisprudence interpreting statutes related to prostitution, it is not surprising that there has been some confusion as to the precise proof required in prostitution cases.[4] Unfortunately in the instant case, since defendant did not move for acquittal or a new trial, we cannot examine the proof offered by the State. Because the statute under which defendant was charged is valid and not unconstitutionally vague, and that is the only issue before us, we must conclude that assignments of error numbers one and two are without merit.
By assignment of error number three, defendant argues that La.R.S. 14:82 is unconstitutional because it applies only to women and not to men. This issue was properly raised by the motion in arrest of judgment. La.Code of Criminal Procedure, art. 859(2). However, this Court recently considered this question in State v. Devall, 302 So.2d 909 (La.1974) and held that the classification did not violate the equal protection clause.
For the reasons assigned, the refusal by the trial court to sustain the motions in arrest of judgment is affirmed. The case is remanded for imposition of sentence.
DIXON, J., concurs, being of the opinion that evidence of an offer of coitus for pay is some evidence of the "practice" of prostitution, proscribed by the statute.
MARCUS, J., concurs in part and dissents in part and assigns written reasons.
SANDERS, C.J., concurs in part and dissents in part and assigns written reasons.
*431 SUMMERS, J., dissents and assigns reasons.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the decree only as I agree that the correct procedural device for defendant to urge that the state failed to prove an essential element of the crime in a bench trial is by motion for acquittal or for a new trial. La.Code Crim.P. arts. 778, 851. I do not agree that La.R.S. 14:82 requires proof of a specific act of sexual intercourse when it denounces "the practice by a female of indiscriminate sexual intercourse with males for compensation." Proof of an offer to engage in sexual intercourse, in my opinion, is sufficient for conviction. State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied, 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966). Thus, I cannot subscribe to that portion of the majority opinion which states otherwise.
SANDERS, Chief Justice (concurring in part and dissenting in part).
I concur in the affirmance of the conviction.
I must dissent, however, from the pronouncement that LSA-R.S. 14:82, the prostitution statute, requires proof of a specific act of sexual intercourse. This pronouncement, if it became the law, would render the prostitution statute unenforceable. It does not become authoritative here, since only three members of the Court subscribe to it.
The statute prohibits "the practice . . . of indiscriminate sexual intercourse with males for compensation." The gravamen of the offense is the practice. Hence, evidence of solicitation of men to have compensated sexual relations may prove the offense. See State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966).
For the reasons assigned, I concur only in the decree and otherwise dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[1] Under former La.Code of Criminal Procedure article 778, defendants could move for a directed verdict in cases tried by jury. However, article 778 was amended by La. Acts 1975, No. 527 to provide only for motion for judgment of acquittal in non-jury trials. The effective date of this new provision was September 12, 1975.
[2] Webster's Third International Dictionary (1971); Webster's Seventh New Collegiate Dictionary (1972).
[3] This conclusion is buttressed by the doctrine of strict construction of penal statutes under which close questions as to coverage of criminal provisions are resolved in favor of the accused, State v. Patterson, 259 La. 508, 250 So.2d 721 (1921), State v. Penniman, 224 La. 95, 68 So.2d 770 (1953), as well as by the well established due process principle that a statute must clearly indicate what conduct it prohibits or requires. Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); State v. Cloud, 248 La. 125, 176 So.2d 620 (1965). Furthermore, the statutes in most other states explicity prohibit the offer to engage in sexual acts when defining prostitution. See, e.g., Ark.Stat.Ann. 41-3202; Fla.Stat.Ann. Tit. 44, § 796.07; Kan.Stat.Ann. 21-3512; N.Y.Consol.Laws, Penal Law § 230.00 (McKinney).
[4] There was some concern expressed by the state in the instant case as to how to eftively prosecute under La.R.S. 14:82 if proof of an act of sexual intercourse is required. While it is true that sexual intercourse can rarely be established by direct evidence, prostitution, like adultery when relied on as grounds for divorce, can be proved by showing facts or circumstances which lead fairly and necessarily to the conclusion that an act of sexual intercourse has taken place and which exclude any other reasonable hypothesis but that of guilt. See Patrick v. Patrick, 212 So.2d 145 (La.App.2d Cir.), writ refused 252 La. 700, 212 So.2d 851, writ refused 252 La. 878, 214 So.2d 548 (1969) and Dubois v. Falgout, 268 So.2d 70 (La.App.3d Cir. 1972) where with reference to adultery, the court noted that the degree of proof is almost equal to that in a criminal proceeding." When using undercover agents to control prostitution, the state, of course, can prosecute for the offense of attempted prostitution in appropriate cases. La.R.S. 14:27.