343 So.2d 1056 (1977)
STATE of Louisiana
v.
Lyonetta LEWIS.
No. 58573.
Supreme Court of Louisiana.
March 7, 1977.
*1057 Lionel R. Collins, Philip E. O'Neill, Kenner, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Robert L. Simmons, Asst. Dist. Atty., for plaintiff-respondent.
SANDERS, Chief Justice.
The State charged Lyonetta Lewis with prostitution in violation of LSA-R.S. 14:82. After trial, the judge found defendant guilty. The court placed defendant on five months inactive probation with special conditions and suspended defendant's thirty day sentence. In addition, the court fined Lyonetta Lewis $100 plus $60 court costs.
From this conviction and sentence defendant applied to this Court for writs of certiorari. We granted writs. La., 340 So.2d 318 (1977).
The single issue presented is whether the trial court erred in denying defendant's motion for a directed verdict of acquittal based on the State's failure to prove two essential elements of the crime charged: that defendant is a female, and that defendant engaged in an act of sexual intercourse.
The evidence discloses that on May 6, 1976, a plainclothesman, Officer Wayne Thomas of the New Orleans Police Department, was approached by a white male as he stood in front of a bar located in the French Quarter. Officer Thomas conversed with the man, later identified as Eugene Collins. Almost immediately thereafter, Lyonetta Lewis exited from an automobile driven by James Lewis. Lyonetta Lewis, Eugene Collins, and Officer Thomas then arranged for a "prostitution date" at a designated hotel. Officer Thomas testified that Lyonetta Lewis stated that for $20 whatever is usually done on a prostitution date, or more specifically, whatever Thomas wanted done within thirty minutes would be done. The three concluded the arrangements and proceeded toward the hotel. On the way to the hotel, Collins stated that if Thomas was a police officer there would be trouble. Consequently, the officer decided to identify himself as a police officer. At this point, a scuffle ensued between Thomas and Collins. Lyonetta Lewis fled but was caught and arrested by Lieutenant Evans Reinhard.
Defendant asserts that the State failed to prove two essential elements, to-wit: that defendant is a female and that defendant actually engaged in sexual intercourse.
When the defense alleges that the trial judge erred in denying a motion for a directed verdict of acquittal, this Court will overturn the conviction only if there is no evidence of an essential element of the crime. State v. Smith, La., 332 So.2d 773 (1976); State v. Butler, La., 331 So.2d 425 (1976); State v. Kaufman, La., 331 So.2d 16 (1976).
LSA-R.S. 14:82 defines prostitution as "the practice by a female of indiscriminate sexual intercourse with males for compensation." (Emphasis added.)
Defendant properly notes that the crime can be committed only by a female. See State v. Devall, La., 302 So.2d 909 (1974). After a complete review of the record, we conclude that it contains evidence that Lyonetta Lewis is a female.[1]
*1058 In State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied, 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966), this Court rejected defendant's second contention. We held:
"By the language of R.S. 14:82 prostitution is defined as `the practice' by a female of indiscriminate sexual intercourse. R.S. 84(4), in defining pandering, refers to a female `engaged' in prostitution. These articles denounce the practice of prostitution. Neither article requires proof of a specific act of sexual intercourse as defendant contends. Thus, offering one's self for intercourse for hire is the practice of prostitution."
Later we reconsidered the issue in State v. Butler, La., 331 So.2d 425 (1976). Therein the majority[2] of this Court opined that the State need not offer proof of an act of sexual intercourse.
The term "prostitution" is not a technical one. 73 C.J.S. Prostitution § 1, p. 224. The gravamen of the offense is the practice . . . of indiscriminate sexual intercourse with males for compensation. Hence, evidence of an offer of sexual intercourse for pay may prove the offense. No act of sexual intercourse is required for proof of prostitution. See Parish of St. Landry Ex Rel. Goudeau v. Veillon, La. App., 308 So.2d 830 (3rd Cir. 1975); Hubert v. Claiborne Realty Company, La.App., 78 So.2d 249 (Orl. Cir. 1955); See also State v. Davis, 158 La. 21, 103 So. 391 (1925).
The record reflects that Lyonetta Lewis offered to have sexual intercourse for pay under the circumstances described. Hence, there is some evidence of prostitution. Accordingly, we will maintain the conviction.
For the reasons assigned, the conviction and sentence are affirmed.
TATE and CALOGERO, JJ., dissent and assign reasons.
TATE, Justice, dissenting.
The defendant was convicted of a violation of La.R.S. 14:82 providing criminal penalties for prostitution. The statute defines the crime as follows: "Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation." (Italics mine.)
In the first place, applying the strict construction required of criminal statutes, the crime is not committed unless the female actually commits sexual intercourse. State v. Butler, 331 So.2d 425 (La.1976). As that decision notes, this is the usual construction afforded statutes similar to Louisiana's, unlike those statutes which punish soliciting for the purpose of engaging in intercourse for pay.
In the second place, the present evidence is only that the accused negotiated for a later sexual date. No money actually changed hands, nor did the parties actually take any concrete steps, such as entering a hotel room together, to effectuate the date.
Negotiations with a single man for sex, not cumulating in any act demonstrating a clear intention to complete the sexual bargain, is no evidence at all, in my opinion, of "the practice by a female of indiscriminate sexual intercourse with males for compensation" (i. e., even if we accept the majority's interpretation that the practice of prostitution may be committed without actual coitus).
Is the crime committed without more, for instance, if a man asks a girl to have sex *1059 with him after he pays for her dinner (i. e., takes her to dinner), and she nods yes? Is a mere verbal agreement, not fulfilled and possibly not intended to be fulfilled, the "practice" of prostitution?
Again, under our statutory definition "the practice . . . of indiscriminate sexual intercourse with males", do sexual relations by a female with a single male meet the statutory definition? Is the crime committed, for instance by a one-man woman because her apartment is paid for by her lover?
Under the majority's interpretation of the statute, and its acceptance of the present evidence as proving a violation of it, in my opinion we have broadly construed this criminal statute and its ambit, contrary to the settled principle that criminal statutes must be strictly construed.
I therefore respectfully dissent.
CALOGERO, Justice, dissenting.
I believe that La.R.S. 14:82 requires proof of a specific act of sexual intercourse, not merely the offer of such an act, when it makes criminal "the practice by a female of indiscriminate sexual intercourse with males for compensation." See my opinion in State v. Butler, 331 So.2d 425 (La.1976). Moreover, I dissent because the state introduced no evidence at all that defendant herein is a woman. Although the majority opinion relies upon references by witnesses who employed feminine designations, we have not before resorted to such evidence so as to supply an essential and otherwise unproved element of an offense. In these days when some persons engaging in illicit sexual behavior for pay who, although they are genetically males, dress as women and refer to themselves by feminine names, I do not believe that a witness' reference to a person as a "lady" or by a feminine pronoun supplies any proof at all that the person is a woman. Nor can I believe that such references by defense counsel, statements never heretofore considered by this Court as part of the evidence in a case, supply any part of the state's burden of proof. In order for the state's case to withstand a motion for directed verdict, it must have introduced some evidence of each essential element of the crime. C.Cr.P. art. 778; State v. O'Neal, 328 So.2d 100 (La.1976); State v. Cloud, 319 So.2d 793 (La.1975); State v. Evans, 317 So.2d 168 (La.1975). In a prosecution for the crime of prostitution, one essential element is that the defendant be a woman. State v. Devall, 302 So.2d 909 (La. 1974). Because the state introduced no evidence that defendant Lewis is a woman, I believe the trial judge erred in overturning defendant's motion for a directed verdict.
Consequently, for these two reasons, I dissent from the majority opinion.
NOTES
[1] The witnesses, Officer Wayne Thomas and Lieutenant Evans Reinhard, as well as defense counsel, referred to defendant as a female person innumerable times. They constantly employed the pronouns "her" and "she" connoting female gender. See, for example: p. 7, lines 2, 7, and 10; p. 3, lines 15, 17, and 18; p. 15, line 7.

Lieutenant Reinhard, as well as defense counsel, referred to defendant as "Miss Lewis." See, for example: p. 13, lines 2, 4, 7, and 25.
Lyonetta Lewis was characterized as "the lady." See, for example: p. 6, line 22; p. 7, lines 2, 18, 16, and 19; p. 14, lines 17 and 18.
[2] Justice Calogero authored the majority opinion, which stated that LSA-R.S. 14:82 required proof of a specific act of sexual intercourse. However, as reflected in the separate opinions, the author of this opinion and Justice Summers, Dixon, and Marcus adhered to the view that proof of an offer of coitus for pay is some evidence of the practice of prostitution.