381 So.2d 454 (1980)
STATE of Louisiana
v.
Wanda JACKSON.
No. 65530.
Supreme Court of Louisiana.
March 3, 1980.
William G. Nader, Love, Rigby, Love & McDaniel, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Charles W. Kelly, IV, Asst. Dist. Atty., for plaintiff-respondent.
*455 CALOGERO, Justice.[*]
This defendant Wanda Jackson's writ application and that of defendant in State of Louisiana v. Trump, 381 So.2d 452 (La.1980) were granted simultaneously because the principal issue is quite similar. Has the state proven that defendant violated R.S. 14:82(b) "the solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation?" Jackson was found guilty and sentenced to four months in parish jail.
For reasons expressed in Trump, we reverse defendant Jackson's conviction.
In this case the police enlisted the aid of an informant, one Melvin Jones, in their investigation of a complaint regarding prostitution. The officers hid a microphone on Melvin Jones, gave him $40.00 in marked bills and told him to tell defendant that one Billy Parker who was employed by Industrial Towel Company had recommended her. Jones, who was driven to defendant's address at 610½ Stoner Avenue by the officers, at approximately 10:20 p. m., knocked on the door and identified himself as "Robert Wilson." He further stated that he was "looking for some action." When defendant responded that she "didn't know nothing about that", Jones turned and began to walk away. Defendant then called him back and she told him that she was already in some trouble with the police. He entered her apartment and he asked her how much it would cost him. She replied that it would cost him twenty dollars. He gave her twenty dollars in marked bills. Some of the officers who could hear this conversation on the microphone that Jones was wearing then knocked on the door. Defendant took the money and flushed it down the toilet. Thereafter, she was arrested and charged with prostitution.
The only difference between this case and State v. Trump is that here after the defendant expressed a negative attitude, the agent turned away momentarily before he was called back and admitted. There is no essential difference between the two cases. Defendant never changed from solicitee to solicitor. There simply was no break in the agent's solicitation sufficient to isolate defendant's conduct as a later independent counter solicitation. The agent's solicitation was continuous while he was there on the premises of defendant's residence and the state did not present evidence that defendant had solicited the police agent.

Decree
For the foregoing reasons the conviction and sentence of defendant Wanda Jackson is reversed and set aside and defendant ordered discharged.
REVERSED.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting:
Although the informant initiated the contact in this case, the defendant, who originally expressed a negative attitude, was guilty of solicitation when she called him back and named her price after he turned away. I would affirm the conviction and sentence.
NOTES
[*] Chief Judge PAUL B. LANDRY, Jr., retired, participated in this decision as an Associate Justice Ad Hoc.