SEXTON, Judge.
The defendant was charged by affidavit with two counts of Prostitution in violation of LSA-R.S. 14:82(a) and 14:82(b). Following a bench trial in Shreveport City Court in which she waived her right to a jury trial,[1] the defendant was found guilty on both counts. For the violation of LSA-R.S. 14:82(a), prohibiting indiscriminate sexual intercourse for compensation, she was sentenced to six months in jail with four months suspended and placed on supervised probation for two years. On the second count for violation of LSA-R.S. 14:82(b), prohibiting solicitation with intent to engage in indiscriminate sexual intercourse for compensation, she was sentenced to a concurrent jail term of 30 days. The defendant appeals both her convictions and sentences.
While the defendant’s motion for appeal refers to assignments of error to be urged, and the defendant’s brief argues three allegations of error, there were no assignments of error filed with the City Court in this case. Normally our review in such circumstances is limited to a search of the record to determine any errors patent on the face thereof. LSA-C.Cr.P. Art. 920(2).
There is a significant question herein as to the sufficiency of the evidence to convict the defendant on Count No. 2 regarding “solicitation.” However, we admit to some uncertainty as to whether we may indeed examine the record for such absent assignments of error. Art. 920 states that we may not, and State v. Peoples, 383 So.2d 1006 (La.1980) holds that in order to consider the sufficiency of the evidence, the defendant must assign such as error with the trial court or assert it by virtue of a motion for a new trial. This same principle was affirmed in State v. Temple, 394 So.2d 259 (La.1981). There the Supreme Court specifically affirmed that insufficiency of evidence was an error that could not be reviewed in the absence of an assignment of error or motion for new trial. The court nevertheless proceeded, in dicta, to consider the evidence and indicate that the evidence was indeed sufficient to sustain the conviction.
However, in State v. Raymo, 419 So.2d 858 (La.1982), our Supreme Court stated:
*800 “Because the state’s case was devoid of evidence of an essential element of the charged offense, i.e., an intent to defraud, defendant’s conviction and sentence must be set aside ... regardless of how the error is brought to the attention of the reviewing court_ Accordingly, we rest our decision on this ground without considering the defendant’s assignments of error.” Raymo, supra, at 861 (citations omitted) (emphasis added).
In Raymo, the defendant, who was convicted of attempted forgery, filed assignments of error — but none of these pertained to the sufficiency of the evidence. Apparently in the course of reviewing the assignments that were made, the court had occasion to notice that the evidence was insufficient to sustain a conviction for the offense charged and reversed the conviction. In this same vein, Justice Lemmon, concurring in State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981), noted that regardless of how insufficiency of evidence is brought to the attention of the appellate court, it should be considered. However, he emphasized that it is not an error patent.
In an effort to clarify the posture of the law, we make the following determination. An insufficiency of evidence as per Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) does not constitute an error patent on the face of the record. However if in some fashion — either through a motion for new trial, assignments of error filed in the trial court, or as here, where the court happens to review assignments which are briefed but not filed — the court determines that the evidence is insufficient to sustain a conviction, then it is our obligation to address this issue. We therefore do so in this case.
The context facts of this case are that on August 5, 1982, Detective Stroud of the Vice and Narcotics Division of the Shreveport Police Department investigated complaints of a prostitution ring operating out of a local nightclub. Accordingly, during a phone call he spoke with a Miss Debra Reister, who was suspected of being involved, and asked for a date. Miss Reister agreed and asked Stroud if he could get a room and call her back. She also asked if he wanted a blonde or brunette. Stroud informed Reister that he had two friends and requested that she bring three girls. After renting three rooms at a local motel, Detective Stroud telephoned Miss Reister to inform her of his location. Reister set the time for the date at 1:30 p.m.
At approximately 1:45 p.m., Reister, Carrie P. Ouzts, and the defendant, Sandra L. Russell, arrived at Stroud’s hotel room. After talking for a few minutes, Detective Ron Turner went to a separate hotel room with the defendant Sandra Russell. Once in the room, Turner asked Miss Russell how much this date would cost him. She asked him whether he had talked to Debra about the price. When Turner informed her that they had not discussed it, Miss Russell suggested $75. Turner then asked what he would receive for the money, and Miss Russell replied “anything goes.” Detective Turner gave Miss Russell $75 in marked money, which she counted and placed on the floor beside the bed. Detective Turner and Miss Russell undressed and engaged in sexual intercourse.[2] After the engagement, Turner advised Russell that he was a police officer. He then opened the door to Detective Randy F. Turner. Both officers arrested the defendant at that time.
The defendant indeed engaged in indiscriminate sexual intercourse for remuneration in violation of LSA-R.S. 14:82(a). However, there is no evidence whatsoever that the defendant violated LSA-R.S. 14:82(b), which prohibits the solicitation of *801 one by another for prostitution. Solicitation, while constituting a separate offense in and of itself, LSA-R.S. 14:83,[3] is likewise an additional manner in which the offense of prostitution as prohibited by LSA-R.S. 14:82[4] may be committed. This addition to LSA-R.S. 14:82 was made by Act No. 49 of 1977.
There is no evidence in this record that the defendant solicited this officer in any fashion. This defendant simply arrived at the appointed time, quoted the officer a price, and engaged in intercourse. She did nothing more. These acts satisfy sub-part (a) of LSA-R.S. 14:82, constituting indiscriminate intercourse for compensation, see State v. Lems, 343 So.2d 1056 (La.1977); but do not amount to a violation of sub-part (b), solicitation of one by another with the intent to engage in indiscriminate sexual intercourse for compensation, State v. Trump, 381 So.2d 452 (La.1980), State v. Jackson, 381 So.2d 454 (La.1980). Under the Standards of Jackson v. Virginia, supra, the conviction on Count No. 2 must be reversed.
Therefore, the conviction of the defendant and the concurrent jail sentence of 30 days for violation of LSA-R.S. 14:82(b) are reversed. The conviction and sentence under Count No. 1 for violation of LSA-R.S. 14:82(a) are affirmed.
AFFIRMED IN PART, and REVERSED IN PART.

. Since the penalty for each count is |500 and/or imprisonment for not more than six months, and since the trial was prior to the effective date of Act No. 149 of 1983, which established a maximum penalty for misdemeanors joined in the same bill as $500 and/or six months imprisonment, the defendant was entitled to a jury trial. Being entitled to a jury trial, the defendant was therefore entitled to an appeal. Louisianá Constitution of 1974, Art. 1, § 19; Art. 5, § 10(A); LSA-C.Cr.P. Art. 912.1.

. Apparently, the officers were operating under the mistaken belief that State v. Butler, 331 So.2d 425 (La.1976) required proof of a specific act of intercourse in order to prove the offense of prostitution. This matter was cleared up in State v. Lewis, 343 So.2d 1056 (La.1977), when then Chief Justice Sanders noted that Butler was a plurality opinion and that four justices were of the view that the offer of intercourse for remuneration was sufficient to prove the offense.

. LSA-R.S. 14:83 reads, in pertinent part, as follows:
"Soliciting for prostitutes is the soliciting, inviting, inducing, directing or transporting a person to any place with the intention of promoting prostitution.
[[Image here]]

. LSA-R.S. 14:82 reads, in pertinent part, as follows:
"Prostitution is:
(a) The practice by a person of indiscriminate sexual intercourse with others for compensation.
(b) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
[[Image here]]